(75 South. 938)
HOLCOMBE & BOWDEN et al. v. REYNOLDS. (5 Div. 660.)

(Supreme Court of Alabama. May 17, 1917.)

NEW TRIAL ☞74—GROUNDS—FINDINGS CONTRARY TO EVIDENCE.

Where the amount found by the court and for which judgment was rendered did not approximate one or the other of the conclusions possible under the evidence, a motion for a new trial should have been granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 150.]

Appeal from Circuit Court, Chilton County; A. H. Alston, Judge.

Action by S. J. Reynolds against Holcombe & Bowden and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Curry & Walker and Smith & Gerald, all of Clanton, for appellants. Middleton & Reynolds, of Clanton, for appellee.

SAYRE, J. This is an appeal from a judgment rendered by the court without the intervention of a jury. The question at issue was: What balance did the appellant Avery owe appellee on a mortgage debt? Appellants contended that Avery's debt had been satisfied in full, and brought evidence to sustain their contention. The evidence for appellee tended in part to show an amount due considerably in excess of the amount for which judgment was rendered, and in other part an amount considerably less. There was no evidence to justify a finding of the amount for which judgment was rendered; nor can it be said, the amount in controversy considered, that the amount so ascertained even approximated one or the other of the conclusions possible under tendencies of the evidence. In this state of the case appellants' motion for a new trial should have been granted. It is no adequate answer to say that a judgment for a larger amount might have been justified as a legal possibility—though we are inclined to think the weight of the evidence looked to the contrary —and hence that appellants have no legally tenable ground of complaint against a finding in favor of which the same presumption is indulged as in the case of a jury verdict. The court tried the facts without a jury and just as a jury would, and the rule is that, where the verdict which the jury returns cannot be justified upon any reasonable hypothesis presented by the evidence, it ought obviously to be set aside. Neither the court nor jury have the right to arbitrate or compromise differences between the parties, and hence, when it appears that the verdict cannot be justified on any reasonable hypothesis of fact founded in the evidence, the finding must be held to have been the result of compromise or mistake and, upon proper proceedings, must be set aside or reversed. 2 Thomp. Trials, § 2606. We know, of course, that the learned trial judge intended nothing of this sort, but in fact, on the statement of the evidence shown by the bill of exceptions, it appears that the court gave plaintiff a judgment for the exact amount of the credits to which defendants were entitled according to plaintiff's testimony. This must have been the result of an inadvertence. This court deals with results, and its opinion is that the judgment in this case was laid in error. The court has the power to render the judgment that should have been rendered; but it is thought best to remand the cause for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.