169 So. 223

### DONALDSON v. FUQUA.

4 Div. 894.

Supreme Court of Alabama.

June 25, 1936.

Sollie & Sollie, of Ozark, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

BOULDIN, Justice.

The complaint contained a count claiming the statutory (Code 1923, § 10371) penalty of $10 per tree for willfully and knowingly, without the consent of the owner, removing 56 poplar trees from the lands of the plaintiff. Other counts were for the conversion of the logs, etc.

Plaintiff got a verdict for $70. Defendant moved to set it aside, and for a new trial. The appeal is from the judgment overruling such motion.

The appeal is rested upon the authority of Holcombe & Bowden et al. v. Reynolds, 200 Ala. 190, 75 So. 938, and similar cases to the effect that a verdict which cannot be justified on any reasonable hypothesis of fact found in the evidence, must be held to result from a compromise or mistake, doing injustice in any event, and on motion should be set aside. See, also, Brown et al. v. Byers, 115 Kan. 492, 223 P. 477; British Empire Ins. Co. v. Hasenmayer, 90 Or. 608, 178 P. 180.

Such rule by no means limits the jury to a finding in keeping with the contentions of either party. They should take the truth wherever found in the evidence; may accept the evidence of one side in part, and of the other in part; may work out a verdict supported by any reasonable theory of the evidence. Whether either party is satisfied is not controlling when courts are called upon to disturb their findings.

The evidence well supported a finding that there was no such tortious taking as warranted the imposition of the statutory penalty of $10 per tree. Was there any evidence tending to support a verdict for $70 under the other counts?

Strange as it may seem, there are two versions of the facts that lead to that result.

If we take the plaintiff's testimony as to quantity, 56 trees, estimated at 500 board feet each, and defendant's testimony as to value, $2.50 per thousand feet, the value of the whole is $70.

The evidence disclosed these trees were cut by getting over the line between the lands of Mr. Henderson and the plaintiff. One phase of the evidence disclosed efforts of plaintiff and Mr. Henderson to make a survey themselves with helpers; that by such tentative survey only 14 of these trees belonged to plaintiff, and that defendant was led by plaintiff's directions to the men on the ground to understand that only 14 trees belonged to plaintiff, whereupon defendant paid Henderson for the other trees. So taking defendant's version as to quantity, 14 trees, and plaintiff's testimony as to value per tree, $5, we have the same result, $70.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.