184 So. 282

**METROPOLITAN LIFE. INS. CO. v. RAY.**

5 Div. 58.

Court of Appeals of Alabama.

Nov. 1, 1938.

Steiner, Crum & Weil, of Montgomery, Jacob A. Walker, of Opelika, and C. S. Moon, of LaFayette, for appellant.

Denson & Denson and L. J. Tyner, all of Opelika, for appellee.

358

RICE, Judge.

At the time of his death, the insured, Virgil Ray, held a policy, upon which all premiums had been duly paid, of the appellant, Metropolitan Life Insurance Company, insuring his life for $545. There was attached to the policy an "Industrial Policy Accidental Death Benefit" certificate, referred to in the evidence as a "rider," which provided:

"Upon receipt of due proof that the insured * * * has sustained, after the date of this policy, bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured within ninety days from the date of such bodily injuries, while this Policy is in force and while premiums are not in default beyond the grace period specified in this Policy, the Company will pay in addition to any other sums due under this policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance then payable at death."

The original amount of the policy was paid to the beneficiary without question, but the appellant, Metropolitan Life Insurance Company, declined to pay the additional Accidental Death Benefit of $545, and the appellee, Lillie Ray, the said beneficiary, filed this suit to recover the same. The defendant pleaded the general issue in short by consent, with leave to offer in evidence anything that might be specially pleaded, with like leave to the plaintiff to offer in rebuttal any matter that could be specially pleaded thereto. It was conceded on the trial that the plaintiff (appellee) was the beneficiary and that the proper notice of death had been given. So the sole issue submitted to the jury was whether the death of the insured was within the terms of the "rider" sued on.

The evidence for both the plaintiff and defendant showed that Virgil Ray, the insured, was shot, and killed, by Calvin Hicks, at the latter's cafe in Fairfax, in Chambers County, Alabama, on Sunday evening, January 12, 1936.

The jury returned a verdict, upon which judgment was duly rendered, in plaintiff's (appellee's) favor for the sum of $250. Appellant's motion to set same aside was overruled, and exception duly reserved.

The only issue which was to be determined by the jury was accurately stated in the oral charge of the court to the jury as follows, to wit:

"Now the question for you gentlemen to determine and the *sole question* in this case is whether the death of the insured was caused by means such as is provided under that double indemnity clause, from which the Court has just read to you, whether it was accidental, violent or external cause as provided in that clause. That is the question you are to try from the evidence in the case and the *sole question* presented here. The contract provides that if the death resulted in that manner why then the beneficiary of the insured would be entitled to the double indemnity, that is, to the additional $545.00.

"Your question is, did Mr. Ray, the insured, receive the injuries from which his death resulted because of his own fault, his own aggression, because of the fact he brought on the difficulty himself? If so, then his death would not come within that clause named in the policy of insurance. That is, it is for you to say whether it does or not from the evidence."

Notwithstanding the clear-cut issue as thus stated by the court to the jury, the

jury did not, by its verdict, determine the issue thus submitted to it. Under the charge of the court, the plaintiff was entitled to recover $545, with interest, or nothing.

"The rule is that, where the verdict which the jury returns cannot be justified upon any reasonable hypothesis presented by the evidence, it ought obviously to be set aside. Neither the court nor jury have the right to arbitrate or compromise differences between the parties, and hence, when it appears that the verdict cannot·be justified on any reasonable hypothesis of fact founded in the evidence, the finding must be held to have been the result of compromise or mistake and, upon proper proceedings, must be set aside or reversed." Holcombe & Bowden v. Reynolds, 200 Ala. 190, 75 So. 938.

In this case the facts were undisputed as to the amount payable under the contract and the only disputed issue was as to liability vel non under the contract.

The evidence, which we will not detail, was such that the jury might well have found this liability to exist. It might have found it not to exist.

But under no phase of the testimony was there a basis for the finding that appellant was liable to appellee in the sum of $250. Such a finding was contrary to the evidence; could not be justified upon any reasonable hypothesis presented by the evidence; amounted to an effort on the part of the jury to arbitrate or compromise the differences between the parties to the suit; was obviously the result of compromise or mistake; and was contrary to the law and the charge of the court. It ·should have been set aside on appellant's motion.

Appellee's distinguished counsel argue very ably that appellant is in no position to complain at the verdict, since it was in *appellee's* favor, and as for a *smaller* amount than it *could* have been, under the evidence. It is appellee's contention that *she* is the only one in position to complain; that Supreme Court Rule 45 takes away the force of appellant's argument for error in the action of the court in overruling its motion to set aside the verdict.

But all that appellee advances in this regard is answered so well by the language in the opinion of the United States Circuit Court of Appeals for the Third Circuit, in the case of Stetson v. Stindt et al., 279 F. 209, 23 A.L.R. 302, that we quote and adopt

as our own said language, towit [page 211]: "We are persuaded by the ratio decidendi of the last line of authorities that a verdict like the one under consideration, which is perverse and directly violative of the charge of the court and is wholly without evidence to support it, cannot stand. It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing. What his liability is, the jury refused to say; but said something else, which, under the law and on the facts, was simply untrue. Therefore, we are of opinion that the verdict was invalid and that the court erred in entering judgment upon it."

Of course, here, we should say, as we do —not that "the court erred in entering judgment upon it," but that—the court erred in overruling appellant's motion to *set aside* the verdict of the jury and the judgment rendered thereon. And see Alden v. Sacramento Suburban Fruit Lands Co., 137 Minn. 161, 163 N.W. 133.

It is very true, we believe, that, in a suit such as this, the law is as stated by Mr. Justice Brown for our Supreme Court in the case of Sovereign Camp, W. O. W. v. Gunn, 229 Ala. 508, 158 So. 192, towit [page 193]: "The general issue pleaded by the defendant, * * * imposed on the plaintiff the burden of proving, not only that said death resulted directly from bodily injury effected solely through external, violent, and accidental means, but that said death resulted from such accidental means 'independently of all other causes'; that is, it was not the result of violence intentionally invited by the insured. * * * Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728; Sovereign Camp, W. O. W. v. Gunn, 227 Ala. 400, 150 So. 491; Prudential Casualty Co. v. Curry, 10 Ala. App. 642, 65 So. 852."

But after reading the court's oral charge in its entirety, in connection with the written charges given to the jury at appellant's request, we are not certain that the *burden of proof* was placed in any other manner than as outlined by Mr. Justice Brown, in the Gunn Case quoted from.

There are other questions urged upon our attention. But we are persuaded they

will not arise upon another trial. Hence they will not be treated.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.