48 So.2d 64

S. D. WINN CIGAR CO. v. WILSON.

3 Div. 916.

Court of Appeals of Alabama.
Oct. 3, 1950.

W. Ervin James, of Montgomery, for appellee.

Henry C. Meader and Willis V. Bell, Jr., of Montgomery, for appellant.

HARWOOD, Judge.

In the suit below the plaintiff claimed of the defendant the sum of $437.50 with interest from 31 July 1948 due as a pro rata share of a minimum bonus of $750.00 per year, payable as additional compensation under the contract of employment made between the plaintiff and defendant, the complaint setting up that during the year 1948 the plaintiff worked for defendant for seven months under said employment contract, or until 31 July 1948, when he was discharged.

A jury trial resulted in a verdict in favor of the plaintiff, damages being assessed at $312.50.

The defendant duly filed a motion for a new trial and by various grounds asserted

that the verdict of the jury was contrary to the law and the evidence in the case; that the verdict of $312.50 cannot be justified by any reasonable hypothesis of the evidence, and was an obvious attempt to arbitrate or compromise; and that the verdict was contrary to the oral charge of the court.

The motion for a new trial being overruled, appeal was perfected to this court.

The evidence is undisputed that the plaintiff had been in the employ of the defendant for about ten months of the year 1947, during which he received his agreed salary, and was paid a bonus of $750.00. This employment continued over into 1948. The plaintiff testified that in July 1948 he was discharged by the defendant for good and sufficient cause; that after his discharge his salary was paid through his period of employment, but no pro rata portion of the bonus was paid to him.

The defendant's local manager testified that the plaintiff left the defendant's employ in July. No year was stated, but it is inferable from the record that this meant in July 1948.

Thus, it is undisputed that plaintiff was in defendant's employ from January 1, 1948, until he left "in July." Just what date he left defendant's employ in July is not shown by any testimony, though it is noted that in his complaint plaintiff asserts that his employment ended on 31 July 1948.

Be that as it may, there can be no doubt that plaintiff was in defendant's employ for at least six full months, that is through June, 1948, regardless of what date in July he may have left defendant's employ.

In his oral charge the court instructed the jury as follows:

" * * * if he '(plaintiff)' just worked part of that, he would be entitled to a pro rata share of the bonus for the year. * * * You have got the amount of time he worked.

" *   *   *   *   *   *

"There are only two possible verdicts that the jury can find: 'We, the jury find for the defendant.' Or, 'We, the jury, find for the plaintiff, and assess his damages at blank dollars.' You have to assess it at one lump sum; he is in no event entitled to more than he sues for in his complaint; not the $750.00, but you would take the number of months he worked and determine on the basis of that, in case you are reasonably satisfied that he is entitled to a verdict. And those are the two possible verdicts that you could return."

The court also gave four written instructions to the jury at plaintiff's request. In each of these instructions the jury was instructed that if the jury found certain specified conditions, "then the plaintiff would be entitled to recover a pro rata weekly share of said bonus" for the period of his employment by the defendant.

The monthly pro rata share of the bonus of $750.00 per year would amount to $62.50 per month. Indisputably the plaintiff was employed for at least six months. If entitled to damages it would appear that such damages would be at the least $375.00.

While finding for the plaintiff on the issue of the contract the jury in the face of the clear and express instructions of the court as to the amount they would have to fix in the event the verdict was in favor of the plaintiff nevertheless assessed such damages at $312.50.

▪ It is of course well settled that where damages are unliquidated, a defendant can not complain that the amount of damages awarded are inadequate.

▪ However, where the issue is contract, or no contract, and the jury finds the contract to exist, which by its terms definitely, specifically, and unalterably fixes the amount of damages due for breach thereof, then a considerable number of jurisdictions, including Alabama, hold to the view that the unsuccessful party may successfully assert such inadequacy as prejudicial error. A collection of authorities enunciating this view, as well as the authorities enunciating the opposing view that even where the damages are certain the losing party cannot complain of the inadequacy of the amount awarded may be found in 174 A.L.R., pp. 767-809, and 31 A.L.R. 1091.

In Holcombe & Bowden et al. v. Reynolds, 200 Ala. 190, 75 So. 938, the appeal was from a judgment rendered by the lower

court without the intervention of a jury. Judgment was rendered for the plaintiffs and the defendant appealed. In the course of its opinion reversing the judgment the Supreme Court said: "There was no evidence to justify a finding of the amount for which judgment was rendered; nor can it be said, the amount in controversy considered, that the amount so ascertained even approximated one or the other of the conclusions possible under tendencies of the evidence. In this state of the case appellants' motion for a new trial should have been granted. It is no adequate answer to say that a judgment for a larger amount might have been justified as a legal possibility—though we are inclined to think the weight of the evidence looked to the contrary—and hence that appellants have no legally tenable ground of complaint against a finding in favor of which the same presumption is indulged as in the case of a jury verdict. The court tried the facts without a jury and just as a jury would, and the rule is that, where the verdict which the jury returns cannot be justified upon any reasonable hypothesis presented by the evidence, it ought obviously to be set aside. Neither the court nor jury have the right to arbitrate or compromise differences between the parties, and hence, when it appears that the verdict cannot be justified on any reasonable hypothesis of fact founded in the evidence, the finding must be held to have been the result of compromise or mistake and, upon proper proceedings, must be set aside or reversed. 2 Thomp. Trials, § 2606."

A similar question was considered by this court in Metropolitan Life Ins. Co. v. Ray, 28 Ala.App. 357, 184 So. 282, 283. In that case the action was based on a contract of insurance. Under the court's instructions to the jury the sole issue was insurer's liability under the policy. The jury found this issue in favor of the plaintiff, but assessed damages at an amount considerably less than called for under the terms of the policy. Upon its motion for a new trial being overruled the defendant perfected its appeal.

In reversing the cause because of the lower court's refusal to set aside the verdict and judgment on defendant's motion for a new trial this court enunciated the following doctrine:

"Appellee's distinguished counsel argue very ably that appellant is in no position to complain at the verdict, since it was in appellee's favor, and as for a smaller amount than it could have been, under the evidence. It is appellee's contention that she is the only one in position to complain; that Supreme Court Rule 45 [Code 1940, Tit. 7 Appendix] takes away the force of appellant's argument for error in the action of the court in overruling its motion to set aside the verdict.

"But all that appellee advances in this regard is answered so well by the language in the opinion of the United States Circuit Court of Appeals for the Third Circuit, in the case of Stetson v. Stindt et al., 279 F. 209, 23 A.L.R. 302, that we quote and adopt as our own said language, towit (page 211): 'We are persuaded by the ratio decidendi of the last line of authorities that a verdict like the one under consideration, which is perverse and directly violative of the charge of the court and is wholly without evidence to support it, cannot stand. It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing. What his liability is, the jury refused to say; but said something else, which, under the law and on the facts, was simply untrue. Therefore, we are of opinion that the verdict was invalid and that the court erred in entering judgment upon it.'

"Of course, here, we should say, as we do—not that 'the court erred in entering judgment upon it,' but that—the court erred in overruling appellant's motion to set aside the verdict of the jury and the judgment rendered thereon. And see Alden v. Sacramento Suburban Fruit Lands Co., 137 Minn. 161, 163 N.W. 133."

It is our conclusion that the doctrine enunciated in the above cases necessitate a reversal of this cause for error in the lower

court in denying appellant's motion for a new trial, in that the verdict cannot be justified upon any reasonable hypothesis presented by the evidence, and was violative of the instructions of the court. Holcombe & Bowden v. Reynolds, supra; Metropolitan Life Ins. Co. v. Ray, supra.

Reversed and remanded.