92 So.2d 1

**E. E. DONAVAN**

v.

**John S. FANDRICH.**

**2 Div. 348.**

Supreme Court of Alabama.

Jan. 10, 1957.

**440**

Thos. Seay, Marion, for appellant.

Judson C. Locke, Marion, for appellee.

LAWSON, Justice.

In 1950 John S. Fandrich was engaged in the business of selling fertilizer and seed. His place of business was in Belvidere, Tennessee. On two occasions in July of that year E. E. Donavan bought large quantities of crimson clover seed from Fandrich. Donavan lived in Perry County, Alabama, where he had extensive farming interests. Donavan paid for the seed which he acquired in July of 1950.

On October 27, 1950, at his place of business in Tennessee, Fandrich delivered fifty-three bags (approximately 7,950 pounds) of crimson clover seed to one Fred Morrow to be hauled in the latter's truck to Donavan in Perry County, Alabama. Morrow delivered the seed to Donavan. Morrow, a colored farmer, lived in the vicinity of one of Donavan's farms and he had hauled to one of those farms some of the seed purchased by Donavan from Fandrich in July.

In August of 1953 Fandrich brought this suit in the circuit court of Perry County, stating his action in two counts. The first count is on an account stated and the second count is for "goods, chattels and merchandise sold by the plaintiff to the defendant on the 27th day of October 1950 etc." Both counts claim the sum of $2,385, but a credit of $200 is admitted.

Plaintiff's demurrers to defendant's pleas One and Four having been sustained, the cause went to the jury on the complaint and on defendant's pleas Two and Three, which the parties seem to have treated as amounting to the averment that the allegations of the complaint are untrue, the correct plea of the general issue in a case of this kind. See Espalla v. Richard, 94 Ala. 159, 10 So. 137.

There was jury verdict in favor of the plaintiff in the amount of $1,427.68, together with costs. Judgment was in accord with the verdict. Defendant's motion for new trial being overruled, he appealed to this court.

The testimony for the defendant below is to the effect that he did not buy the seed from plaintiff and that they were delivered to him in Perry County without any order from him; that after receipt of the seed he did agree to try to sell the seed and to pay plaintiff for those which he sold, but he made no sales; that through inadvertence seed of the value of $200 was planted and the payment made by him in November of 1951 was because of that incident. The defendant's contention was that he owed plaintiff nothing, except perhaps $150 for seed planted later.

We have searched the record with considerable care and we are unable to find any evidence which tends to justify a finding of the amount fixed by the jury and for which judgment was rendered. Where, as here, the jury verdict cannot be justified upon any reasonable hypothesis presented by the evidence, it ought to be set aside upon proper proceedings as being the result of compromise or mistake, for neither the court nor jury have the right to arbitrate or compromise differences between the parties. It is no adequate answer to say that a judgment for a larger amount might have been justified as a legal possibility. In this state of the case appellant's motion for a new trial should have been granted. Holcombe & Bowden v. Reynolds, 200 Ala. 190, 75 So. 938; Donaldson

v. Fuqua, 232 Ala. 604, 169 So. 223; Winn Cigar Co. v. Wilson, 35 Ala.App. 466, 48 So.2d 64; Metropolitan Life Ins. Co. v. Ray, 28 Ala.App. 357, 184 So. 282. Cf. Stremming Veneer Co. v. Jacksonville Blow Pipe Co., 263 Ala. 491, 83 So.2d 224; Street v. Browning, 205 Ala. 110, 87 So. 527.

We will not consider the other assignments of error, but in view of another trial we point out that the general issue pleaded to the common counts puts in issue every fact necessary to entitle plaintiff to recover. Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86. And under it defendant may prove any matter showing that plaintiff never had any cause of action or that he ought not to recover. Bryant v. De Kalb Warehouse Co., 260 Ala. 443, 71 So.2d 51.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.