**502**

119 So.2d 220

## Al THORPE, alias,

v.

## STATE.

### 6 Div. 712.

Court of Appeals of Alabama.

Oct. 20, 1959.

Rehearing Denied Nov. 24, 1959.

M. B. Grace, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen. and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Thorpe was convicted of grand larceny of an automobile and was sentenced to five years' imprisonment. He contends in the main that his conviction was based on insufficient evidence.

Viewed from the verdict, the State made its case as follows:

In June, 1958, Thorpe sold Miss Juanita Everett a 1952 Buick, taking in part payment her 1950 Ford. The balance was secured by a "conditional sale contract" which went simultaneously from Thorpe to Ford Finance Company by an outright assignment.

On the reverse of the "conditional sale contract" appears a "Dealer's Assignment and Guaranty" executed by Super Auto Sales through Thorpe. Over the guaranty paragraph there is stamped "Non recourse with respect to this paragraph." There was no evidence that Ford Finance Company ever called on Thorpe because of any default of Miss Everett.

In August, 1958, Thorpe hired the Rigsby Wrecker Service to tow Miss Everett's parked Buick to Rigsby's lot. The next morning Thorpe telephoned Miss Everett and told her he had the car, which she could only get back by coming up with some money.

In defense Thorpe called Mr. Vincent Noella, employed by Rigsby Wrecker Service. His testimony was that Thorpe employed the Wrecker Service to pull Miss Everett's car in, which was done, and the car was left for some period on Rigsby's lot. On cross-examination the State brought out that Thorpe signed a written order card for the Buick. This card, though blank when signed by Thorpe, was tendered in evidence by him without objection. See Code 1940, T. 7, § 415; Stremming Veneer Co. v. Jacksonville Blow Pipe Co., 263 Ala. 491, 83 So.2d 224.

Thorpe's only other witness was his attorney who testified mostly to contradict Miss Everett's testimony: i. e., she had said beforehand Thorpe asked her for $120 more due on the Buick, whereas now she stated that Thorpe's demand to her was, "* * * that I wasn't getting it [the Buick] until I came up with some money, and I told him I didn't owe him any money."

Thorpe's undoubted obtaining possession of the Buick was a probative circumstance. What his intent was and whether his taking evinced animus furandi were matters upon which the jury were allowed and entitled to pass.

In affirming, we can do no better than to quote from Stephens v. State, 1 Ala.App. 159, 55 So. 940, 942, per deGraffenried, J.:

" * * * There was some evidence in the case from which the jury had the right to draw the inference that the tire alleged to have been stolen was in the possession of the defendant shortly after it was stolen and that he was trying to sell it.

"The unexplained possession by a person of goods recently stolen does not as a matter of law in this state raise a presumption of guilt, but, where the evidence beyond a reasonable doubt establishes the fact of the larceny, the unexplained recent possession by the defendant of the stolen goods is a fact from which the jury may legally draw the conclusion that the person in whose possession they are found is the thief. Proof of a charge in criminal cases involves the proof of two distinct propositions, proof of the corpus delicti and of the identity of the prisoner. Smith v. State, 133 Ala. 145, 31 So. 806, 91 Am.St.Rep. 21.

"As the evidence in this case, if believed, established the corpus delicti, and there was some evidence tending to show that the defendant was in the unexplained possession of the tire shortly after it was stolen, there was some evidence in the case upon which the jury had the right to base a verdict of guilty. * * *

"The jury must take the law from the court. They take the facts from the witnesses, * * * Whether there is any evidence is for the court; how much, if there is any evidence, is for the jury. * * *"

We have searched the record in compliance with Code 1940, T. 15, § 389, and consider the judgment of the circuit court should be

Affirmed.