167 So.2d 715

**VESTER J. THOMPSON, JR., INC.**

**v.**

**C. H. SHELTON, Jr.**

**I Div. 205.**

Supreme Court of Alabama.

Sept. 24, 1964.

Thornton & McGowin, Mobile, for appellant.

Alexander F. Lankford, III, and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from a verdict and judgment in favor of the defendant on a plea of setoff and recoupment, and from an order overruling appellant's motion for a new trial. The assignments of error are concerned with the overruling of the motion for a new trial.

The appellant, Vester J. Thompson, Jr., Inc., is a mechanical equipment company which deals mainly in nursery supplies and

home water well pumps. The appellee, C. H. Shelton, Jr., was a salesman who was employed by the company.

Appellant sued on a promissory note for $700, dated May 18, 1961, payable May 24, 1961, which defendant admitted signing. The defendant alleged by plea of setoff and recoupment that appellant employed defendant as sales manager and agreed to pay defendant 50% of the gross profits of the business for the period November 1, 1960 through October 31, 1961, and that the gross profits were $17,277.32, and that appellant owed the defendant $8,638.66 which was set off against the promissory note sued on.

The verdict of the jury was for the defendant on his plea of setoff in the sum of $1,972.00. Plea two of the defendant's amended answer follows:

"Defendant, without in any way confessing plaintiff's claim or demand, and as a defense to the action of the plaintiff, says: That at the time said action was commenced, plaintiff, with the use of its trade name, Mechanical Equipment Company, was indebted to the defendant in the amount of $8,638.66 as sales commissions, in that on or about, to-wit, February 27, 1961, plaintiff employed defendant as Sales Manager for Mechanical Equipment Company, and agreed to pay defendant as compensation for the performance of his duties as such Sales Manager an amount equal to fifty percent of gross profit of Mechanical Equipment Company for the period of November 1, 1960, through and including October of 1961. The gross profit of such Company for such period amounted to $17,277.32, and defendant is entitled to one-half of such amount, $8638.66. Although defendant fully performed his duties as such Sales Manager, plaintiff breached its agreement in that it failed and refused to pay defendant the sum of $8,638.66, which sum is now due

and unpaid and which defendant hereby offers to set off against the demand of the plaintiff, and defendant claims judgment for the excess."

The testimony is in direct conflict. Appellee testified that he was to receive 50% of the company's gross profits; that he was given a drawing account of $75 per week to be applied against the gross profits. He admitted that he had not repaid the loan represented by the note. Thompson, testifying for appellant, said that appellee was to receive only 33% of the gross profits of the sales he made; that appellee was to furnish his own car, and that the $75 was salary. He admitted that while appellee was with the company the sales were at least doubled. He also testified that after the first payday the company furnished appellee with a car. One Milton Lappington, assistant purchasing agent of Mobile Ship Repair, testified that Thompson and appellee talked with him in April, 1961, and Thompson stated that he and appellee were in business together and that appellee was going to participate in the profits of Thompson's company.

Appellant argues for the application of the principle that where the issue is contract or no contract, and the jury finds a contract to exist, which by its terms definitely, specifically and unalterably fixed the amount of damage due for the breach thereof, a verdict of the jury that cannot be justified upon any reasonable hypothesis presented by the evidence ought to be set aside or a motion for a new trial granted. Donavan v. Fandrich, 265 Ala. 439, 92 So.2d 1; Holcombe & Bowden v. Reynolds, 200 Ala. 190, 75 So. 938; Winn Cigar Co. v. Wilson, 35 Ala.App. 466, 48 So.2d 64, and similar cases.

This rule by no means limits the jury to a finding in keeping with the contentions of either party. They should take the truth wherever found in the evidence; may accept the evidence of one side in part, and of the other in part; and may work out

a verdict supported by any reasonable theory of the evidence. Whether either party is satisfied is not controlling when courts are called upon to disturb their findings. Donaldson v. Fuqua, 232 Ala. 604, 169 So. 223; Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391; Stremming Veneer Co. v. Jacksonville Blow Pipe Co., 263 Ala. 491, 83 So.2d 224; Mozley v. Boen, 41 Ala.App. 596, 143 So.2d 304.

■ Here, there was no question but that there was some contract of employment between appellant and appellee. The dispute was over the terms of the contract. The jury could have decided, under the evidence, that appellee was entitled to a lesser amount than he claimed. The terms of the contract were not "definitely, specifically and unalterably fixed" and, after allowing all the presumptions in favor of the jury verdict, we cannot say that it was so plainly erroneous or unjust as to require us to overturn it. Mayben v. Travelers Indemnity Co., 273 Ala. 643, 144 So.2d 52.

■ Appellant also contends that the trial court erred in charging the jury under pleas 4 (work and labor) and 7 (money had and received). While there probably was sufficient evidence to present a jury question as to each of these pleas, (as to 4, Goodwin v. Hall, 275 Ala. 297, 154 So.2d 654) (as to 7, Tipton v. Duke, 221 Ala. 77, 127 So. 524; Chandler v. Wilder, 215 Ala. 209, 110 So. 306), we do not reach that question. The jury did not find for appellee on either pleas 4 or 7, but on amended plea 2 of setoff and recoupment. We have held that where the jury did not pass on or find for a plaintiff under one count, even if errors intervened as to rulings or instructions of the court touching such count, the errors were without injury. Latter v. Schwarz, 223 Ala. 438, 137 So. 27. We apply the same rule to the pleas in the instant case because the jury limited its finding to plea 2 as amended. This distinguishes the instant case from Jordan v. Henderson, 258 Ala. 419, 63 So.2d 379, where the verdict was general and this court could not ascertain under which count the verdict was based. See also, Curb v. Dabbs & Tannehill, 19 Ala.App. 149, 97 So. 109.

■■ Appellant charges that the court erred in overruling its motion to strike plea 2, as amended, because the amendment was not filed until the day of the trial. We cannot agree. Tit. 7, § 239, Code 1940, is very liberal in permitting amendments, and in the absence of some showing in the record that the court denied a deserved continuance as the result of the amendment, we cannot say that the trial court committed reversible error or abused its discretion. The statute makes amendments, subject to certain limitations not here applicable, a matter of right. Tit. 7, § 239; Harrison v. Carroll, 270 Ala. 124, 116 So.2d 922; City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160.

■ Appellant argues that the verdict is contrary to the great preponderance of the evidence and should be set aside on motion for a new trial. Verdicts are presumed to be correct, and no ground of a motion for new trial is more carefully scrutinized than that the verdict is against the weight of the evidence, and the refusal to grant a new trial by the trial court, sought on such grounds serves to strengthen the presumption in favor of the verdict. Smart v. Wambles, 271 Ala. 651, 127 So.2d 611. Since the evidence was in conflict and the court heard the evidence in person, the presumption in this court is in favor of the finding of the trial court sustaining the jury's verdict and denying the motion for a new trial. Snider v. Hamilton, 268 Ala.

**152**

249, 105 So.2d 656. Following this presumption, we cannot agree with appellant's contention.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.