HOLMES, Judge.
The plaintiff sued the defendants for work and labor performed and on an account. The jury returned a verdict for $6,000 in favor of the plaintiff and against the defendants. A judgment was entered thereon and the defendants appeal.
The dispositive issue on appeal is whether the jury rendered a compromise verdict so as to require reversal. We find no error requiring reversal and affirm.
The record reveals that the plaintiff’s testimony as to the amount of money owed was to the effect that the defendant-church owed the plaintiff the sum of either $7,000 plus or $8,000 plus. The defendants did not contradict these amounts. The defendant-church’s sole defense to the lawsuit was the work and materials furnished by the plaintiff to the defendant-church were gifts and/or donations.
On appeal, as indicated above, the defendant-church contends through able counsel that since the amount of the jury verdict does not correspond to the testimony, such verdict is therefore a compromise verdict requiring reversal.
Suffice it to say that our review of the record reveals some conflict as to exactly what services or materials were performed or furnished for remuneration and what services or materials performed or furnished were in fact a donation to the church. This evidence is not a paragon of clarity nor is it overwhelming, but it does exist. Therefore, the exact amount due is not specifically known. Put another way, the jury could have found that $7,000 to $8,000 worth of work or material was furnished, but some of those items were donations or gifts.
Additionally, we find the following in the trial court’s charge to the jury:
“Of course, it’s entirely possible that the plaintiff might establish a case as to some of the services or some of the property and not as to others. That would be for you to decide. . . . It’d be possible to decide that the plaintiff was entitled to recover for certain things and not for certain other things.”
There was no objection to this portion of the trial court’s charge.
With the above in mind, we cannot say that á compromise verdict was reached by *1038 the jury so as to require reversal. See Williams v. Williamson Truck Lines, Inc., Ala.Civ.App., 353 So.2d 1172 (1978); Vester J. Thompson, Jr., Inc. v. Shelton, 277 Ala. 148, 167 So.2d 715 (1964); 2A Ala.Digest Appeal & Error &wkey;999(1).
In view of the above, the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.