This is an appeal by defendant Posey from the overruling of his motion for new trial in a suit brought by plaintiff Myers seeking repayment from Posey of a purported loan. We reverse and remand.
The plaintiff Myers alleged that he loaned the defendant Posey $19,000 to help Posey start a finance business. Myers testified that he had not been repaid.
Posey contended that the $19,000 was a business investment, part of a $50,000 investment to be made by Myers in exchange for a share of the profits. He stated that Myers never paid the balance of the $50,000 and that the $19,000 advanced had been placed in the finance business and loaned out to customers. Myers testified he never received any profits.
The jury returned a verdict for plaintiff Myers in the amount of $14,000. Defendant Posey filed a motion for new trial on the ground that the verdict was not supported by the evidence. Following denial of this motion, Posey appealed.
Where there is no evidence to support a jury verdict, the trial court should grant a motion for new trial on that ground.Hubbard Bros. Construction Co. v. C.F. Halstead Contractor,Inc., 294 Ala. 688, 321 So.2d 169 (1975); Hargrave v.Davis-Hunt Cotton Co., 294 Ala. 697, 321 So.2d 178 (1975); Cobbv. Malone Collins, 92 Ala. 630, 9 So. 738 (1891).
It is uncontroverted that the amount involved in this suit is $19,000. Myers contended that Posey owed the entire amount; *Page 987 
Posey contended that he owed nothing. At the pretrial conference, the parties agreed that the "contested issue of fact" centered on whether the $19,000 was a loan or an investment in the finance business.
Plaintiff Myers argues that there is some evidence in the record to support the $14,000 figure. Defendant Posey testified on direct examination:
 "Q Did you have any money owing to the finance business?
A Yes, sir.
* * * * * *
 Q Did you have a discussion with Mr. Myers about those accounts?
A Two or three different times.
 Q And what was your last discussion with him about them?
 A At one time, he asked me could I — this would be the last conversation — could I sell them for even $5,000. And I said Mr. Myers, we have waited so long now, you know, that a finance company wouldn't buy accounts that are a 90 day period or anything like that. You cannot sell accounts unless they are up to date.
 Q Had you suggested to him that those accounts be sold some time prior to that, to salvage them?
A I tried to get him to do that. I did, yes, sir.
Q And what was his response?
A He didn't want to have anything to do with it."
Myers contends that this $5,000 figure could have been considered by the jury to offset the $19,000 loan. We do not agree. There was no testimony that the accounts could have been sold for $5,000, or for any other amount. Posey's testimony was that the accounts could not have been sold for $5,000 at the time of the discussion with Myers.
We have been unable to find any evidence in the record to support the amount of damages awarded. Posey's motion for new trial should have been granted. This case is like Farmers Ginners Cotton Oil Co. v. Reliance Insurance Co., 341 So.2d 147
(Ala. 1976) and Stone v. Echols, 351 So.2d 902 (Ala. 1977).
Therefore, the judgment must be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.