This is an appeal from a judgment entered on a jury verdict awarding $251,000 to Dr. Neal Van Marter, Mrs. Van Marter, and Auto Owners Insurance Company on a products liability claim. We affirm.
The facts are as follows: Dr. and Mrs. Van Marter owned a 1978 Oldsmobile Regency automobile, which had been purchased from a General Motors dealer in February of 1978. The car was parked in the Van Marters' carport on 30 May 1978 when their carport and home caught fire, resulting in extensive damage to the home and its contents.
The Van Marters filed suit against General Motors Corporation and others, alleging that the fire began in the carport as the result of an electrical malfunction within the automobile and then spread throughout the remainder of the home. The original complaint sought $500,000 in damages based upon theories of negligence and/or wantonness, breach of express or implied warranty, and the Alabama Extended Manufacturers Liability Doctrine. Auto Owners Insurance Company (Auto Owners) asserted a subrogation claim for the amount paid to the Van Marters pursuant to a homeowners insurance policy.
General Motors answered by general denial. The thrust of its defense was the assertion that the fire did not begin in the carport, but rather in the basement, where it then proceeded to climb the common wall to the carport and the house.
The case originally went to trial in January of 1981; however, it ended in a mistrial. On 22 March 1981, the case again went to trial. After denying General Motors' motion for a directed verdict, the trial court submitted the Alabama Extended Manufacturers Liability Doctrine claim to the jury. It returned a verdict in favor of the Van Marters and the trial court entered judgment thereon. General Motors' motion for judgment notwithstanding the verdict, or in the alternative, a new trial, was denied.
The first issue raised is whether the depositions of Carolyn and Donald Crouch, concerning a separate automobile fire allegedly caused by a wiring malfunction in their automobile, were properly admitted to prove a wiring defect or an unreasonably dangerous condition within the Van Marters' automobile. Mr. and Mrs. Crouch testified that they had purchased a 1980 Buick Regal and that shortly thereafter the car had caught fire, the fire allegedly beginning *Page 1293 
underneath the front seat of the vehicle and caused by a short in the wiring system.
GM contends that a 1980 Buick Regal and a 1978 Oldsmobile Regency, although both manufactured by GM, are so substantially dissimilar as to preclude admission of evidence of a defect in one model in order to prove a defect in the other. In support of this argument, GM claims the Regal and the Regency are, in effect, different products. Additionally, GM argues that an incident occurring two years after the incident in question is too remote in time to have any probative value.
Both parties agree upon the relevant proposition of law about this:
 "On an issue of whether a place or thing was safe or dangerous at the time of the accident in question, evidence of the occurrence or non-occurrence of accidents to others at other times, in the use of such place or thing, is admissible if the condition of the place or thing at such other times was substantially the same as the condition existing at the time of the accident in suit." (Footnote omitted.)
C. Gamble, McElroy's Alabama Evidence § 83.01 (3rd ed. 1977); see also Southern Ry. Co. v. Lefan, 195 Ala. 295, 70 So. 249
(1915). Each ruling under this standard must be considered on a case-by-case basis. That being the case, admissibility of such evidence is within the trial court's discretion. BirminghamElectric Co. v. Woodward, 33 Ala. App. 526, 35 So.2d 369 (1948);accord State Farm Mutual Auto. Ins. Co. v. Griffin, 51 Ala. App. 426, 286 So.2d 302 (Ala.Civ.App. 1973); Blount County v.Hollingsworth, 45 Ala. App. 401, 231 So.2d 324 (Ala.Civ.App. 1970).
The question before the trial court in the instant case was whether the electrical system in the 1980 Regal was substantially similar in its influential characteristics to the 1978 Regency. Ricky Joe Nelson, an expert witness for the Van Marters, who had extensive experience with the wiring systems on General Motors' automobiles, testified that he had examined both the 1980 Regency and the 1978 Regal and determined the power accessory system in each to be "basically the same." While the distinguishing features of each vehicle were brought out on cross-examination, Nelson considered these differences to be of no significant import. Under these facts, this court cannot conclude that the trial court abused its discretion.
This court has never before expressly stated the proposition that a defect in one product may be admissible, in an appropriate instance, as evidence of a defect or dangerous condition within a similar product made by the same manufacturer; however, neither has it patently rejected it, nor have other jurisdictions. See Detroit Marine Engineering v.Maloy, 419 So.2d 687 (Fla.Dist.Ct.App. 1982); see also Hassonv. Ford Motor Co., 32 Cal.3d 388, 185 Cal.Rptr. 654,650 P.2d 1171 (1982); Berry v. Fruehauf Trailer Co., 371 Mich. 428,124 N.W.2d 290 (1963).
Additionally, a two-year period between the manufacture of the Regency and the Regal is not necessarily too remote in time as to preclude the admission of the Crouch depositions. SeeLouisville and Nashville R.R. Co. v. Sandlin, 125 Ala. 585,28 So. 40 (1900); see also M.C. West, Inc. v. Battaglia,386 So.2d 443 (Ala.Civ.App. 1980). Accordingly, we hold the trial court did not abuse its discretion by admitting the relevant portions of the Crouch depositions.
The second issue raised on appeal is whether the trial court abused its discretion by denying GM's motion for a new trial. Specifically, GM contends the jury verdict can only be understood as a compromise verdict, and as such, must be set aside. In support of this argument, GM cites the allegedly uncontradicted testimony of Mrs. Van Marter. She testified about the fair market value of her home, its contents, and two of the Van Marters' automobiles, all allegedly destroyed by the fire. The aggregate amount, including interest, of Mrs. Van Marter's valuations is approximately $476,000. The jury verdict *Page 1294 
was in the amount of $251,000. Therefore, GM concludes, the jury verdict can only be viewed as the result of a compromise. We disagree.
It has long been the law in Alabama that whether an action is based on contract, see Stokely v. Bessemer Coal Iron and LandCo., 202 Ala. 576, 81 So. 78 (1918), or on tort, see Alford v.Samuel, 8 Ala. 95 (1845), a party against whom a verdict for money damages was rendered may not complain of its inadequacy.Alabama Waterproofing Co., Inc. v. Hanby, 431 So.2d 141, 144
(Ala. 1983); see generally Annot., 31 A.L.R. 1091. Consequently, at the outset, we find several cases cited by GM to be inapplicable because they involve a plaintiff challenging a favorable jury verdict on the grounds of inadequacy. SeeStinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala. 1980);Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980). See also Farmersand Ginners Cotton Oil Co. v. Reliance Insurance Co.,341 So.2d 147 (Ala. 1976).
The defendant may challenge an adverse jury verdict where it appears the jury reached a verdict, not through unanimous accord, but rather through compromise. Holcombe Bowden v.Reynolds, 200 Ala. 190, 75 So. 938 (1917). This court noted inHolcombe:
 "[W]here the verdict which the jury returns cannot be justified upon any reasonable hypothesis presented by the evidence, it ought obviously to be set aside. Neither the court nor jury have the right to arbitrate or compromise differences between the parties, and hence, when it appears that the verdict cannot be justified on any reasonable hypothesis of fact found in the evidence, the finding must be held to have been the result of compromise or mistake and, upon proper proceedings, must be set aside or reversed. . . ." (Emphasis added.)
Thus, the relevant inquiry is whether this jury verdict may be justified on any reasonable hypothesis other than compromise. GM contends that, in light of Mrs. Van Marter's uncontradicted testimony, the jury could return a verdict only for $476,000. The jury verdict of $261,000, GM argues, shows on its face the verdict is a compromise. In support of this position, GM relies heavily upon Holcombe Bowden v. Reynolds,200 Ala. 190, 75 So. 938 (1917), and Posey v. Meyers,370 So.2d 986 (Ala. 1979).
The facts of this case are clearly distinguishable from either Holcombe or Posey. Holcombe involved a suit on a note secured by mortgage. Defendant-appellee asserted at trial that the note had been satisfied, while the plaintiff alleged there was a considerable amount still due. Thus, the issue in the case centered upon whether the plaintiff was entitled to all of the alleged remaining balance, or none of it. The trial court erroneously entered a judgment for an amount between the two figures.
Similarly, Posey v. Myers concerned an action in contract, with the disputed issue being whether a $19,000 transaction between two parties was a loan or a business investment. Once again, either the plaintiff was due the entire amount or nothing. The jury returned a verdict in the amount of $5,000.
Other cases cited by GM are equally unpersuasive, as they too are ex contractu actions where the possible damages under the pleadings could only be one of two calculable figures. In other words, they involve unimpeached testimony as to damages in fact. See S.D. Winn Cigar Co. v. Wilson, 35 Ala. App. 466,48 So.2d 64 (1950).
Central to GM's argument is the proposition that where an owner testifies as to the fair market value of personal property before and after a tortious act, and this testimony is uncontradicted, the jury is bound to return the stated amount or nothing at all. This very proposition was rejected by the Court of Civil Appeals in Birmingham Slag Div. of VulcanMaterials Co. v. Chandler, 45 Ala. App. 406, 231 So.2d 329
(Ala.Civ.App. 1970). Since we find Holcombe, Posey, and the other cases unpersuasive as authority for the above proposition, we likewise reject the latter. *Page 1295 
Mrs. Van Marter's testimony was merely opinion evidence as to value. Dr. Van Marter himself contradicted her estimates of the fair market value of their home. In any event, evidence of value is necessarily opinion evidence and is not conclusive upon a jury or the trial court, even where it is without conflict. State v. Crawford, 277 Ala. 568, 173 So.2d 109
(1965). Where, as in the case at bar, testimony comes from one who stands to gain unduly, the jury is authorized to give minimum weight to such testimony. Stone v. Echols,351 So.2d 902 (Ala. 1977).
We cannot conclude the jury verdict was a compromise simply because the verdict was for a smaller amount than GM contends it should have been for. The simple explanation behind the lesser amount rests with the jury's prerogative to give such weight to opinion evidence as its general knowledge and experience dictate. Andrews v. Frierson, 144 Ala. 470,39 So. 512 (1905). Here, the jurors examined numerous photographs of the house and automobiles. Based on those observations, it may have concluded that Mrs. Van Marter overestimated either the extent of property damage, or the property's value. Second, the jurors may have considered that the Van Marters failed to satisfy their burden of proof regarding a portion of their damages. On this point, we note the Van Marters offered a particularly weak documentation of over $200,000 worth of personalty claimed to have been destroyed by the fire.
We hold that the jury verdict, under the circumstances, is not the result of improper compromise. To hold otherwise would be to judicially usurp the judgment and discretion which has traditionally rested exclusively with the jury.
Accordingly, the trial court did not err in denying GM's motion for a new trial. The judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.