ADAMS, Justice.
The plaintiffs, Johnnie Ruth Russell and Robert Russell, appeal from a judgment based on a jury verdict in favor of the defendant, Sobel, Bernstein & Greene Company (“Sobel”) in accordance with the Alabama Extended Manufacturer’s Liability Doctrine. The Russells alleged that Johnnie Ruth sustained bodily injuries as a result of Sobel’s negligent manufacture or design of a pair of shoes that she purchased. On appeal, the Russells argue that the trial court committed reversible error by excluding evidence that would have shown the occurrence of other incidents of the same, or a similar, failure of the product. We affirm.
The facts of this case are as follows:
Johnnie Ruth Russell sustained bodily injuries when she fell down some stairs in her home. The Russells maintain that the fall resulted from Sobel’s defective design or manufacture of the shoes that she was wearing at the time. They claim that a defect caused the shoe heel to break or otherwise detach from the shoe while Johnnie Ruth was descending the stairs. The shoes were described as sling pumps with an open heel. Mrs. Russell sued for damages for the personal injuries that she suffered in her fall, and Mr. Russell sued for loss of consortium and for the medical expenses he incurred for the care and treatment of his wife.
*1370 The case was tried before a jury. At trial, the Russells tendered the expert testimony of Joseph Odem, owner of a shoe repair shop, for the purpose of showing that he had experience with other shoes that had been manufactured by Sobel and that had been brought into his shop with their heels tom off. The trial court, however, sustained Sobel’s objection to this evidence on the ground that the testimony did not show a substantial similarity of circumstances between the detachment of Mrs. Russell’s shoe heel and the events leading to the detachment of the heels from the other shoes. The only question on appeal is whether the trial court committed reversible error by excluding Odem’s testimony.
The Russells argue that Odem would have testified that he had repaired several Sobel-manufactured shoes on which the heels had separated. They further argue that this Court has never addressed the issue of whether a defect in one product is admissible in appropriate instances as evidence of a dangerous condition in a similar product made by the same manufacturer. In support of this position, the Russells cite General Motors Corp. v. Van Marter, 447 So.2d 1291 (Ala.1984). We believe this assertion to be a gross mischaracterizati on of a long line of cases decided by this Court.
Sobel correctly states in its brief that this Court has consistently upheld the exclusion of evidence of a defect in other products where there had not been shown a substantial similarity of material circumstances. See M. C. West, Inc. v. Battaglia, 386 So.2d 443 (Ala.Civ.App.1980), cert, denied, Ex parte M. C. West, Inc., 386 So.2d 450 (Ala.1980), citing Southern Railroad v. Lefan, 195 Ala. 295, 70 So. 249 (1915); Decatur Fertilizer Co. v. Walls, 212 Ala. 226, 102 So. 32 (1924); Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794 (1918); Schlaff v. Louisville & N.R.R., 100 Ala. 377,14 So. 105 (1893).
We also agree with Sobel’s argument that in this case no foundation had been laid to show that Odem had any direct or personal knowledge of the circumstances accompanying the detachment or breakage of the heels of his other customers’ shoes. In the absence of this, Odem would have had no way of knowing how the other heels became detached; he would have had no way of knowing when, where, or how the prior detachments occurred. Moreover, by allowing Odem’s testimony, the trial court would have left to speculation other germane factors such as weight or length of stride of the wearers, the age or condition of the other shoes prior to the accident, and whether the heels detached as a result of an accident or were, in fact, the cause of an accident. Additionally, Odem could only have speculated as to the surfaces upon which the prior incidents occurred — a smooth grating, a rough grating, or a stairway. The Russells presented no evidence tending to show a substantial similarity of circumstances. Instead, they attempted to put on inadmissible evidence which, at best, would have had dubious probative value.
The legal principles set forth in Van Marter are dispositive of this case and bear repeating:
“On an issue of whether a place or thing was safe or dangerous at the time of the accident in question, evidence of the occurrence or non-occurrence of accidents to others at other times, in the use of such place or thing, is admissible if the condition of the place or thing at such other times was substantially the same as the condition existing at the time of the accident in suit.” (Footnote omitted). [Emphasis added.]
C. Gamble, McElroy's Alabama Evidence § 83.01 (3rd ed. 1977); see also Southern Ry. Co. v. Lefan, 195 Ala. 295, 70 So. 249 (1915).
Van Marter, 447 So.2d at 1293.
The judgment is due to be affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.