(127 So. 235)

## WOODRUFF v. BEELAND.
### 3 Div. 920.

Supreme Court of Alabama.

March 27, 1930.

Powell & Hamilton, of Greenville, for appellant.

William Hamilton, of Mobile, for appellee.

BOULDIN, J.

This is a mandamus proceeding to test the power of the board of education of Butler county to make an expense allowance of $62.50 per month to the county superintendent of education in addition to his salary fixed at the same time and at the maximum authorized by law.

By a local law, approved August 23, 1927 (Loc. Laws 1927, p. 258), the office of county superintendent of education of Butler county was made elective. By the act the salary is fixed by the county board of education, but not less than $1,800 nor more than $3000.00 per annum. The duties and powers of the office are declared the same as provided by general law.

Upon the election of petitioner at the November election, 1928, the county board of education ordered that he be "paid a salary of $3,000.00 with $750.00 expense money per year."

An explanatory order was entered later, reciting that he shall "receive a net salary of $3,000.00 per annum payable at $250.00 per month and further shall be allowed the stated sum of $62.50 per month expenses, it being the judgment of the majority of the Board that the proper conduct of the Superintendent's office necessitates the ownership, constant use, upkeep and repair of an automobile and various other expenses of an undetermined amount, and further that any automobile used in the public service is usually of little or no value after one year's service, that it would be impossible to determine the exact amount of such monthly expense and upkeep and that investigation showing a larger expense than the amount stated, it is therefore to the interest of the tax payers of the County and a saving of public funds to have the amount stated, and that by agreement with the County Superintendent of Education, the sum shall be $62.50 per month, and he shall bear expenses in excess of this amount out of his personal funds and shall not be required to file an itemized expense account."

The county treasurer of school funds, upon certified pay rolls provided by law, paid the monthly salary, but declined to pay the expense allowance; hence this suit.

By the General School Law, the county superintendent of education is made the executive officer of the county board of education. School Code 1927, § 150. He is required to devote his entire time to the duties of office. Section 149. He shall visit the public schools, advise with principals, teachers, school trustees, etc., and generally promote the public school interests. Section 163.

It will be observed the expenses outlined in the above order of the board are incident to the duties of the office. Without such allowance they become a drain upon his salary. The manifest purpose is to transfer this burden to the public school fund, so that his net salary will be enhanced $62.50 per month.

In support of their view that an expense allowance is separate and distinct from salary, appellant's counsel rely upon cases from other jurisdictions dealing with constitutional limitations upon the increase or decrease of salary during the term of office.

Conceding, without deciding, that such distinction is sound, it does not, according to our view, affect the question here involved.

An administrative board or other agency, the creature of legislation, has only the powers conferred by its creator. Every such board charged with the duty of devoting public funds to ends prescribed by law must point to a "thus saith the law" for every disbursement.

Unless a given charge on such fund is expressly or impliedly authorized, it cannot be lawfully incurred.

No such power is implied unless an intention to confer it can be seen from the entire scheme of legislation; implied because incident to, and embraced within, express powers.

This familiar rule, as applied to use of public funds, has often been held binding upon local governing bodies having a quantum of legislative authority, such as the governing bodies of counties.

It is an essential safeguard, and should never be relaxed. Every reason demands the same rule shall apply to county boards of education and like agencies.

Under the law, the county board of education may, in its discretion, provide certain assistants to the county superintendent, including clerical help; is required to furnish office quarters, furniture, office equipment, stationery, postage, forms, and supplies. School Code, 1927, § 169.

These may be termed perquisites of the office. They do not include, and no law mentions, an expense allowance of this character.

We need not decide whether or not this allowance is a part of the salary.

A "net" salary rather implies a "gross" salary as including this allowance. The law makes no such distinction.

In fixing a salary within lawful limits, the board may have in mind the expenses incident to the office.

But, if this allowance be reckoned as part of the salary, it is beyond the maximum fixed by law.

If not salary, no law empowers the board of education to make it.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.