187 So.2d 565

**J. H. GREATHOUSE**

**v.**

**The CREDIT BUREAU, INC.**

**6 Div. 297.**

Supreme Court of Alabama.

June 2, 1966.

Wm. W. Ross and J. J. Cockrell, Birmingham, for appellant.

Tweedy & Beech, Jasper, for appellee.

MERRILL, Justice.

This is an appeal from a judgment in favor of defendant in a slander suit. The verdict was the result of the giving of the affirmative charge with hypothesis in favor of the defendant on the ground that there was no proof of the slanderous matter alleged.

The appellant, plaintiff below, is James Hudson Greathouse, a coal miner and part time farmer. He went to Commercial Credit Corporation of Birmingham to borrow some money. He made application for a loan and the lender asked for a credit report from the defendant (appellee) before approving the loan. The plaintiff sued both The Credit Bureau, Inc. and The Credit Bureau of Jasper; but it developed that they are so closely allied that they will be referred to as the defendant or The Credit Bureau, Inc.

Plaintiff alleges that the slander occurred during a telephone report by defendant to Commercial Credit Corporation. The three counts on which the case was submitted to the jury charged the alleged slander in the following language:

### "COUNT 'AA'"

" * * * plaintiff is not a good credit risk as our records show a violation of the prohibition law against him in that plaintiff was caught with a load of wildcat whiskey in Jasper, Alabama in 1957; * * *."

### "COUNT 'BB'"

" * * * Plaintiff is not a good credit risk as our records show a violation of the prohibition law in that plaintiff was caught with a load of wildcat whiskey in Jasper, Alabama in 1957 for which he was convicted and paid a fine of $100.00, * * *."

### "COUNT 'BBB'"

" * * * Plaintiff is not a good credit risk as our records show as follows, to-wit: 'violated the prohibition law—11/1/47, paid $100.00 and costs and then he had another arrest in October, 1949—drunken conduct.' * * *."

Appellant argues that the trial court erred in sustaining the demurrer to Count "AAA." We cannot agree. A count in either slander or libel must allege that the defendant "falsely and maliciously" made the charges. Tit. 7, § 223, Forms 16 and 17, Code 1940; McGraw v. Thomason, 265 Ala. 635, 93 So.2d 741; Harrison v. Burger, 212 Ala. 670, 103 So. 842. This allegation was missing from the count. The last case cited also involved a credit report.

Assignments of error 7 and 8 are concerned with the sustaining of defendant's objections to the admission of plaintiff's Exhibit A in evidence. Exhibit A was the written report taken by an employee of Commercial Credit Corporation over the telephone from "MCA Jasper." The report was on J. H. Greathouse, age 53, of Dora, and it was a good report. At the bottom of the sheet, under "Suits, Judgments, Collection Agency Items:" the employee of Commercial Credit Corporation, Miss Frances Perry, had written the following: "Arrest—11-47—VPL—etc. not sure would show age 56 s/Perry 1-20-61."

Plaintiff proved that Miss Perry, who received the report, had since married, had moved out of the state and she last lived in California; that the report was in her handwriting and that the report was received by

Miss Perry in the due course of business. Plaintiff argued that the memorandum made by Miss Perry was admissible under Tit. 7, § 415, Code 1940.

In Stremming Veneer Co. v. Jacksonville Blow Pipe Co., 263 Ala. 491, 83 So.2d 224, we held it to be reversible error to admit a memorandum under Tit. 7, § 415, which contained opinions and interpretations of an agreement, and we said:

" * * * But it is not every memorandum made in the regular course of business, according to a custom in that business, that is admissible under the statute. Section 415, supra, does not operate to admit evidence which is inherently inadmissible. 'Opinions circumventing the opinion rule are no more admissible in a memorandum in evidence than they would be in oral testimony.' Mahone v. Birmingham Electric Co., 261 Ala. 132(3), 73 So.2d 378, 381; Deal v. Hubert, 209 Ala. 18, 95 So. 349. A party to a suit cannot make an office memorandum containing conclusions, opinions, hearsay and irrelevant statements, which are illegal evidence, and cause it thereby to be admissible against an opponent when it may have a prejudicial effect on him. Deal v. Hubert, supra."

This memorandum in the instant case has nothing on it to connect it with the defendant. It shows on its face that it contains opinions of some one who gave a telephone report on plaintiff from "MCA Jasper," to Miss Frances Perry, an employee of Commercial Credit Corporation. The trial court properly excluded the entire report.

■ Plaintiff called as his witness Mrs. Evelyn Johnson, who was employed by defendant in 1961, as Assistant Manager, had left defendant's employ about four months before the trial and had moved to Dallas, Texas. She testified that she was the person who gave a telephone report for defendant to Commercial Credit Corporation and the sheet containing the information on which her telephone report was made was identified by her and received as evidence. That sheet was favorable to plaintiff and contained nothing derogatory, and was a copy of a report defendant had made for another client on J. H. Greathouse on November 27, 1959.

Mrs. Johnson also testified as follows:

"Q. In that report did you tell them that he had a record over here for having been arrested for hauling wild-cat whiskey?

"A. No, I did not.

"Q. Did you tell them that you had a record over here where J. H. Greathouse had been arrested for being publicly drunk?

"A. After I gave the credit report, I gave the court record that we have on one Huston Greathouse, which I didn't know was the same person or not; and this person did have a V.P.L. charge on his court record.

     *     *     *     *     *     *

"Q. Did you have anything in your records that J. H. Greathouse or J. Hudson Greathouse had ever been arrested for being drunk in public or hauling wild-cat whiskey?

"A. No, we had no record on a J. H. Greathouse.

"Q. Did you have any notation on the record of J. H. Greathouse or J. Hudson Greathouse, H-u-d-s-o-n (spelled) Greathouse that he had ever been arrested or convicted for violation of any prohibition law, please mam?

"A. Not on the credit report itself.

"Q. Then you didn't know whose court record that you was giving Commercial Credit Corporation in Birmingham, did you mam?

"A. I clearly stated that it was the record of one Huston Greathouse; that we didn't know whether or not it was the same person or not, but we gave them the benefit of the information and it was left up to them to decide. The age of this person was given also in order that they might identify if they felt it was one and the same person."

The undisputed testimony was that J. H. Greathouse had a brother named Huston (or Houston) Greathouse who had "been involved in some trouble over here" and had died in 1956.

Mrs. Johnson testified that she stated over the telephone to the person receiving the information for Commercial Credit Corporation that plaintiff "was well regarded as to character, habits and morals."

The manager and assistant manager of defendant in 1961 testified that they did not then know J. H. Greathouse and that they held no malice toward him. He (plaintiff) testified that he had had no ill will toward defendant's then employees and knew of no ill will they had toward him.

It is obvious that the material allegations of slander quoted supra were not proved. The trial court correctly gave the general affirmative charge with hypothesis. We agree with him that the statement of Mrs. Johnson over the telephone that "we have the arrest report on a *Huston* Greathouse" did not constitute proof that she had uttered slanderous words against James Hudson Greathouse, the plaintiff, who had been identified to her and her company as J. H. Greathouse.

It is of no importance in the decision of this case, but we note that J. H. Greathouse did obtain the requested loan from Commercial Credit Corporation.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.