W.R. Batey d/b/a AAA Services (AAA) appeals from the decision of the trial court, made after a de novo hearing, suspending for six months his certificate of competency as a cleaner of septic tanks for on-site wastewater disposal systems.
In November 1982, AAA was notified by the Jefferson County Board of Health (Board) that, according to its information, AAA had committed certain violations of the Board's rules and regulations. Specifically, the Board charged that AAA had failed to notify it prior to the cleaning of several on-site sewage disposal systems as required by regulation 3.2.1; that it had, on one occasion, failed to properly remove the lid from a septic tank before cleaning as required by regulation 3.3.1, and, on another occasion, it had failed to notify the Board, within five days thereafter of repairs it had performed on a septic tank, as required by regulation 3.3.2. After a hearing before the Board, AAA's certificate of competency was suspended. An appeal was taken to the circuit court, where a trial de novo was held. After hearing the evidence ore tenus, the circuit court also found that AAA had committed the alleged infractions and suspended its certificate of competency for six months. This appeal followed.
Initially, AAA makes a number of arguments which, in essence, challenge both the provisions of 1978 Ala. Acts 659 and those regulations passed by the Board pursuant to this act as being unconstitutionally vague and overbroad. However, our review of the record reveals that AAA failed to raise any of these arguments in the court below. This court will not, unless there are exceptional circumstances, decide constitutional questions that have not been first presented to the trial court. Matterof Stacks, 406 So.2d 979 (Ala.Civ.App. 1981). See Ala. Digest,Appeal Error, Key No. 170 (2) (1955 and 1985 Supp.). We do not consider that this case constitutes such an exceptional circumstance.
AAA next argues that the Board has acted outside of the scope of the authority delegated to it by the legislature in Act No. 659. The contention is that this act only grants the authority to "issue" the certificate of competency, not to pass regulations the violation of which may result in the revocation or suspension of this certificate. Under this argument, a certificate of competency may only be revoked or suspended for a violation of the act itself. We must reject this contention.
While an administrative agency, being a creature of the legislature, has only those powers conferred upon it by the legislature, Ex parte City of Florence, 417 So.2d 191 (Ala. 1982), these powers may be granted either expressly or by implication. Woodruff v. Beeland, 220 Ala. 652, 127 So. 235
(1930). See C. Sands, Sutherland Statutory Construction § 65.02 (4th ed. 1974) (hereinafter cited as C. Sands).
In interpreting a statute, a court is under a duty to ascertain and effectuate the legislative intent as expressed in the statute. Shelton v. Wright, 439 So.2d 55 (Ala. 1983). This intent may be determined from the reason and necessity for the act as well as the purpose sought to be obtained. Id. SeeShoemaker v. Atchison, 406 So.2d 986 (Ala.Civ.App. 1981). In *Page 441 
determining this legislative intent, the statute must be interpreted as a whole, and if possible, every section must be given effect. Sparks v. Calhoun County, 415 So.2d 1104
(Ala.Civ.App. 1982).
It is clear that one purpose behind Act No. 659 was to ensure competency in the cleaning, repairing, and overall maintenance of all on-site sewage disposal systems, including septic tanks.Cf. State Board of Health v. Greater Birmingham Association ofHome Builders, Inc., 384 So.2d 1058 (Ala. 1980).
Section 4 of Act. No. 659 provides that the Board "is authorized to adopt and promulgate rules and regulations to provide for the administration of this Act." Section 11 grants the power to issue the "certificate of competency." Section 12 grants the power to "suspend, revoke or deny" any certificate if it was "obtained through concealment, misstatement, or misrepresentation . . . or for a violation of this Act or anyrules or regulations promulgated hereunder." (Emphasis added.)
Reading the act with its expressed purpose in mind, it is clear to us that the above language confers upon the Board the power to pass regulations governing the cleaning and repairing of septic tanks. Further, it is clear that any violation of these regulations may properly result in the revocation or suspension of the violator's certificate of competency as a septic tank cleaner and repairer.
Our construction of Act No. 659 is strengthened by two generally accepted propositions of administrative law. First, it is well established that where the empowering provisions of a statute merely provide for a general rulemaking power to provide for "the administration" of the Act, the validity of a regulation promulgated thereunder will be sustained as long as it is reasonably related to the purpose of the enabling legislation. See, e.g., Thorpe v. Housing Authority,393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Given the remedial purpose of Act No. 659, as already discussed, we cannot say that the contested regulations are not reasonably related to the expressed purpose of the act, i.e., promoting the proper maintenance of on-site sewage disposal systems.
Second, our construction of Act No. 659 is in keeping with those cases that have consistently recognized that where administrative powers are granted for the purpose of effectuating broad regulatory programs essential to the public welfare, as when a power is granted to a board of health, the legislation should be liberally interpreted so as to enable the full benefits of the program to be realized. See C. Sands § 65.03 and cases cited therein.
AAA next argues that the trial court erroneously admitted into evidence certain documents, referred to as "call in" and "dump" reports, under the "business records" exception to the hearsay rule. He argues that the documents do not properly come under the exception because the witness used to authenticate them was not able to personally attest to the truth of the statements recorded. We must reject this argument.
The rule regarding the proper authentication of a business record has been correctly stated as follows:
 "In order to properly authenticate a business record, any witness (frequently the custodian of the record) must testify: `that the document now exhibited to him is a record of the business; that he knows the method (i.e., the standard operating procedure) used in the business of making records of the kind now exhibited to him and that it was the regular practice of the business to make records of such kind and to make them at the time of the event recorded or within such specified period thereafter as could be found by the trier of fact to be reasonable.' Once the above predicate is laid the record is admissible even though the maker or entrant has no personal knowledge of the truth of the matter recorded." (Emphasis added.)
Williams v. State, 451 So.2d 411 (Ala.Crim.App. 1984), citingMeriwether v. Crown Investment *Page 442 Corp., 289 Ala. 504, 268 So.2d 780 (1972); Speigle v. ChryslerCredit Corporation, 56 Ala. App. 469, 323 So.2d 360, cert.denied, 295 Ala. 420, 323 So.2d 367 (1975). See C. Gamble,McElroy's Alabama Evidence § 254.01 (3) (3rd ed. 1977).
In this case, the custodian of the records was called to testify, and the documents were properly predicated for admission. Nothing more was needed. AAA's reliance upon the holding in Greathouse v. Credit Bureau, Inc., 279 Ala. 524,187 So.2d 565 (1966), is misplaced.
In the final argument we may properly address, AAA merely argues that the trial court's judgment finding him to be in violation of the specified regulations and suspending his certificate of competency is unsupported by the evidence. There is no merit in this argument.
Under the ore tenus rule, where a trial court has heard evidence, without a jury, its findings are presumed correct and will not be disturbed on appeal unless palpably wrong, unsupported by the evidence, or manifestly unjust. Seier v.Peek, 456 So.2d 1079 (Ala. 1984). In the present case, the trial court's judgment is amply supported by the evidence.
There was both oral testimony and documentary evidence which indicated that either AAA or its employees had committed at least thirty-six separate violations of the specified regulations. A recitation of this evidence is unnecessary as AAA has admitted in brief to at least seven of these violations. Under Act No. 659, any violation may properly result in either the revocation or suspension of the violator's certificate of competency. The degree of punishment is necessarily within the discretion of the Board, or, on appeal, the trial court. Given the testimony and AAA's admitted violations, we cannot find an abuse of discretion in the present case.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.