SHORES, Justice.
This is an appeal from a summary judgment in favor of plaintiff Arthur V. Deutcsh in which the trial court ordered the defendant, the Ethics Commission, to retract publicly the contents of its letter to Deutcsh in the same manner that it was originally published. We affirm.
On March 15, 1984, the Ethics Commission began an investigation into possible *607 violations of the state ethics law, § 36-25-1, et seq., Ala.Code 1975, by Arthur V. Deutcsh, Chief of Police of the City of Birmingham, after receiving a complaint from a Birmingham resident. At the conclusion of its investigation, the State Ethics Commissioners concluded that Deutcsh had not violated the state ethics laws. Because there had been so much attention devoted to the case by the media, the State Ethics Commission issued a public statement to the media exonerating Chief Deutcsh, but also reprimanding him. The text of that statement is as follows:
“On the basis of the facts as presented, including its own investigation, the State Ethics Commission is of the opinion that Police Chief Arthur V. Deutcsh of Birmingham is not in violation of the Ethics Law.
“Although evidence does not show that the gifts to Mr. and Mrs. Deutcsh were given in an attempt to influence Mr. Deutcsh’s performance or that they were accepted by him with the understanding that he would be influenced by them in the performance of his official duties, the Commission is disturbed that he did not see the possible damage to public confidence and that of his force which might result therefrom.
“While he may have accepted the merchandise, services and lodging at reduced rates upon the advice of the City Attorney, he should have known that having once accepted the gifts it would be difficult for him to censure or reprimand anyone under his supervision for accepting anything of value. The line separating a violation from a nonviolation in this case is very thin.
“Well-intentioned or not, the fact is that the Police Chiefs acceptance of the gifts suggests poor judgment. We note the fact that the major gifts were from the Birmingham Chamber of Commerce and a Birmingham Insurance Company who authorized a low interest home loan and were in the nature of welcoming gifts to the Chief and his wife. We understand the spirit in which they were proffered. But as the Alabama Ethics Commission has repeatedly pointed out, standards of conduct have been formulated to assist public officials, such as the Police Chief of Birmingham, in doing that which is right and avoiding that which is wrong. While the commission has nothing but high regard for his duty performance as Police Chief, it is concerned that he not jeopardize his position by an unthinking act which even suggests abrogation of ... the highest ethical standards.”
By letter dated June 27,1984, counsel for Chief Deutcsh notified the Ethics Commission that its statement was unacceptable and that the Ethics Commission should publicly retract everything in the public statement, except for its finding that Deutcsh had not violated the state ethics law. The Ethics Commission refused to retract its statement.
On July 31, 1984, Deutcsh filed suit. Subsequently, he amended his complaint to a petition for a writ of mandamus or, in the alternative, a writ of prohibition. On October 1, 1985, the trial court granted Deutcsh’s motion for summary judgment and ordered the defendant Ethics Commission to retract publicly the contents of its statement in the same manner that it was originally published. The Ethics Commission now appeals this order.
The issue presented for our review is whether the trial court erred in ordering the State Ethics Commission to retract publicly the statement it issued regarding plaintiff Deutcsh.
Ala.Code 1975, § 36-25-4 (Cum.Supp. 1985), sets out the powers and duties of the State Ethics Commission. The following provisions in this section are relevant to the issue before us:
“It shall be the duty of the commission:
[[Image here]]
“(7) To make investigations ... upon complaint by any individual with respect to alleged violation of any part of this chapter....
*608 “(8) To report suspected violations of law to the appropriate law-enforcement authorities.
“(9) To issue upon request and publish advisory opinions on the requirements of this chapter, based on a real or hypothetical set of circumstances....
[[Image here]]
“(11) To prescribe, publish and enforce rules and regulations to carry out the provisions of this chapter....
[[Image here]]
“(13) No member nor employees of said commission shall make any public statement or give out any information concerning any complaint against any individual until the investigation of said complaint is completed and the commission has taken final action as to the disposition of said complaint. Any member or employee of said commission who violates the provisions of this section shall be guilty of a misdemeanor and upon conviction be sentenced to the county jail for one year or be fined up to $1,000.00, or both.”
“[A]n administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator.” Ex parte City of Florence, 417 So.2d 191, 194 (Ala.1982); Woodruff v. Beeland, 220 Ala. 652, 127 So. 235 (1930). “It is fundamental that procedures by which disciplinary sanctions are imposed must comport with statutory requirements.” Ex parte City of Florence, supra, at 195.
Nowhere does § 36-25-4 authorize the Ethics Commission to issue reprimands in the form of public written opinions in complaint cases. Only when there is a finding of a “suspected violation” of the state ethics laws is the Commission authorized to make a report. Even then, the report is to be made only to the appropriate law enforcement authorities. In the present case, a complaint was made by a Birmingham resident. Pursuant to § 36-25-4(7), the Commission had the authority to conduct an investigation. This investigation led to the finding that Arthur V. Deutcsh had not violated any state ethics laws. Upon such a finding, the Commission’s authority and power to discipline Deutsch ceased.
We also find no merit in the Commission’s argument that subsection (13) of the statute impliedly or inferentially allows members or employees of the Commission to make public statements following final action on the complaint about which the statement is made, as was done in the present case. We believe that subsection (13) is designed to protect innocent individuals who are under investigation from the harm that could result to their reputations and careers if information regarding the investigation were released to the public.
Having reviewed the record and the Ethics Commission’s contentions, we find no error with the trial court’s ruling. The Commission had no express or implied authority to issue a public statement reprimanding Police Chief Deutcsh. The trial court’s ruling is, therefore, due to be, and it hereby is, affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and STEAGALL, J., dissent.