BRADLEY, Presiding Judge.
This case involves the involuntary commitment of an adult alleged to be mentally ill into the care of the Alabama Department of Mental Health.
On March 25, 1988 the district attorney for Lauderdale County filed a petition in the probate court of that county requesting the court to commit Ben Riley IV (Riley) to the custody of the Department of Mental Health (the Department). The probate court appointed an attorney as guardian ad litem for Riley and held a hearing on April 1, 1988. Based on the evidence presented at the hearing, the court found Riley to be mentally ill and ordered his commitment to the Department. Riley appealed to the circuit court. After a trial de novo, the circuit court determined that Riley was mentally ill and that he posed a real and present threat of substantial harm to himself or to others. On June 3, 1988 the court committed Riley to the Department for care and treatment. The court denied Riley’s motion for new trial on June 23, 1988. Riley filed this appeal on June 28, 1988. The State of Alabama did not file a brief in this court.
The only issue presented on appeal is the sufficiency of the commitment petition filed by the district attorney. Section 22-52-1, Code 1975, requires the filing of a petition for involuntary commitment and sets out the necessary elements thereof. That section provides in pertinent part:
“(b) The petition shall contain the name and address of the petitioner, the name and location of the person sought to be committed, a description, including date and place, of a recent overt act committed by the person sought to be committed evidencing said person’s mental illness and the threat of harm to himself or others and the names and addresses of other persons with knowledge of such person’s mental illness who may be called as witnesses.”
Riley first contends the petition filed in this case is deficient in that it did not specifically set out a “recent overt act ... evidencing [his] mental illness.”
The petition stated that Riley had been making “threatening gestures toward neighbors” and that Riley had a history of mental problems. The statement regarding Riley’s history of mental problems is not sufficient to meet the requirement of section 22-52-l(b) because it does not describe a recent overt act. The question then is whether “making threatening gestures toward neighbors” is an overt act evidencing mental illness and the threat of harm to others. Under these circumstances, we believe it is.
The purpose of the petition in an involuntary commitment case is to give the person sought to be committed notice of the action. Lynch v. Baxley, 386 F.Supp. 378 (M.D.Ala.1974), rev’d, on other grounds, 651 F.2d 387 (5th Cir.1981). The petition is in this way analogous to the complaint in a civil case or the indictment in a criminal case. See, Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987) (sufficiency of complaint); Nance v. State, 424 So.2d 1358 (Ala.Crim.App.1982) (sufficiency of indictment). An involuntary commitment proceeding is, in fact, a hybrid of civil *324 and criminal proceedings. The Rules of Civil Procedure apply but the curtailment of liberty occasioned by an involuntary commitment requires that certain constitutional safeguards normally available only in criminal cases be provided. Lynch, supra.
Due process requires that notice of an involuntary commitment hearing be given so as to afford a reasonable opportunity to prepare a defense. Lynch, supra. Such notice must include the alleged factual basis for the proposed commitment. The alleged factual basis must be a recent overt act committed by the person alleged to be mentally ill.
In this case the statement that Riley had been making threatening gestures toward his neighbors gave Riley adequate notice of the factual basis for the claim. Riley’s next-door neighbor testified at trial that Riley had yelled and cursed at him while brandishing a steak knife. Another witness stated that Riley had threatened him with a stick. The names of both of these witnesses appeared in the petition. The petition thus sufficiently notified Riley of the events and circumstances leading to the involuntary commitment proceeding. While a threatening gesture toward another person may or may not evidence mental illness and a threat of harm, the actions in this case as fleshed out by the testimony clearly showed both. The statute does not require description of the “recent overt act” in detail. It merely requires adequate notice of the reasons for the proceeding. Because the petition here provided Riley with such notice, it was sufficient under section 22-52-l(b).
Riley also claims the petition is deficient in that it did not contain the names of all the persons later called as witnesses at trial. The statute states that the petition must contain the “names and addresses of other persons with knowledge of such person’s mental illness who may be called as witnesses.” Riley contends that this provision prohibits the petitioner in an involuntary commitment proceeding from calling any witness at trial who is not listed in the original commitment petition. We disagree.
The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature as expressed in the words of the statute. Clark v. Houston County Commission, 507 So.2d 902 (Ala.1987); Batey v. Jefferson County Board of Health, 486 So.2d 439 (Ala.Civ.App.1986). Section 22-52-l(b) does not require that the petition contain the names of all persons with knowledge of the mental illness who may be called as witnesses. Had the legislature intended the petition to act as a “witness list” for the commitment proceeding, it would have worded the statute to read “all other persons” who may be called as witnesses. As written, the statute does not mandate that a complete list of witnesses be included in the petition. Rather, the statute is intended to aid the probate court in gathering evidence by providing it with the names of persons who might have knowledge of the alleged mental illness.
Although Riley does not challenge the sufficiency of the evidence, we have examined the record and find that it contains clear, unequivocal, and convincing evidence of Riley’s mental illness and of his potential threat of harm to others. The trial court’s decree committing Riley into the care of the Alabama Department of Mental Health is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.