The Alabama Securities Commission (Commission) issued a temporary cease and desist order to the American Business Club (ABC) and J.F. Straw, based on the belief that ABC and Straw were offering unregistered, non-exempt securities into or within the State of Alabama in violation of the Alabama Securities Act. ABC requested and was granted a hearing before the Commission several months later. The Commission considered whether the memberships of ABC offered into or within the State of Alabama were securities in the form of an investment contract or evidence of indebtedness.
The Commission's staff maintained that neither ABC nor Straw was registered as a dealer of securities or as an agent for a dealer or issuer of securities at the time these securities were offered or sold. The Commission's staff also contended that ABC and Straw offered or sold securities in the form of indebtedness through memberships in ABC in violation of §§8-6-3 and 8-6-4, Code 1975.
ABC and Straw denied that the transactions they conducted with investors constitute a security. They contend that ABC is simply a pooling of funds or freely given contributions which equate to charitable gifts. They state that such freely given contributions are in accord with the principle or law of reciprocity.
The Commission subsequently issued a final order which found that the memberships in ABC were securities in the form of evidence of indebtedness. The Commission further found that ABC and Straw were selling unregistered, non-exempt securities and ordered ABC and Straw to cease and desist from the sale of these securities into or within the State of Alabama. The Commission relied on § 8-6-18, Code 1975, and its prior use of such an order, as a basis for the authority to issue the cease and desist order. ABC and Straw appealed the Commission's decision to the Montgomery County Circuit Court, contesting both the *Page 1238 
authority of the Commission to issue cease and desist orders and the ruling by the Commission that ABC and Straw were selling securities.
The trial court entered a "partial judgment" in favor of ABC and Straw which held that:
 "The threshold issue before the court is whether the Alabama Securities Act authorizes the Alabama Securities Commission to issue cease and desist orders. "The court has considered the briefs filed by the parties and the court holds that absent an express authorization in the Act for the issuance of cease and desist orders, the Alabama Securities Commission lacks the authority to enter such orders, and the temporary and permanent cease and desist order issued against American Business Club and J.F. (Jim) Straw in the case . . . sub judice is void."
The Commission appealed the trial court's partial judgment.
This court reinvested the trial court with jurisdiction over this case in order for the trial court to consider whether to make the partial judgment a final judgment pursuant to Rule 54(b), A.R.Civ.P.
The trial court entered an amended order and a final judgment. In addition, the trial court noted that the Alabama Legislature by Act No. 92-524
 "amended Alabama Code § 8-6-16 (1984 Repl.Vol.), to specifically grant the Alabama Securities Commission the authority to issue a cease and desist order. Therefore, had the Securities Commission heretofore had the authority to issue such an order, the amendment would have been unnecessary."
The sole issue on appeal is whether the Commission had the authority to issue cease and desist orders.
As previously noted, the Commission relied on the broad language of § 8-6-18, Code 1975, and its historical practice of issuing such orders, for the authority to issue this cease and desist order. This section, enacted in 1959 as part of the Securities Act of Alabama, provides:
 "(c) The enforcement provisions of this article shall be vested in the securities commission. It shall be the duty of the commission to see that its provisions are at all times obeyed and to take such measures and to make such investigations as will prevent or detect the violation of any provision thereof." (Emphasis added.)
This court has held that when a statute is plain and unambiguous no room exists for judicial construction, and we will enforce the statute as written. Allen v. Hawes,539 So.2d 273 (Ala.Civ.App. 1988). The language of §8-6-18 indicates that the legislature intended to give broad powers to the Commission. This intent is demonstrated by the language of the aforementioned statute which grants the Commission the power to take such measures as will prevent the violation of any provision. The United States Supreme Court has held that the construction placed on a statute by the agency charged with administering it is entitled to deference by the courts. Securities Exchange Commission v. Sloan,436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978). Also, the final rulings of a state agency must be reviewed with an attendant presumption of correctness. Benton v. Alabama Bd. ofMedical Examiners, 467 So.2d 234 (Ala. 1985).
ABC and Straw rely primarily on the case of Marley v.Cannon, 618 P.2d 401 (Okla. 1980). In Marley, the Oklahoma Supreme Court found that the Oklahoma Securities Act did not provide the Oklahoma Securities Commission with the power to issue a cease and desist order. However, inMarley the Oklahoma Securities Commission contended that the administrator of the Oklahoma Department of Securities derived the authority to issue cease and desist orders by implication from 71 O.S. 1971, § 401[71-401](a), which provides in part that "the administrator may from time to time make, amend, and rescind such rules, forms, and orders as are necessary to carry out the provisions of this act." The statutory language set forth in the Oklahoma statute does not contain the broad grant of power provided by the Alabama legislature in §8-6-18.
The United States Congress specifically prescribed the authority of the Securities *Page 1239 
and Exchange Commission (SEC) with regard to violators of the Securities Exchange Act of 1934 (Act) in 15 U.S.C.A., § 78u(d) (West 1981), which provided:
 "Wherever it shall appear to the [SEC] that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter . . . it may in its discretion bring an action in the proper district court of the United States . . . to enjoin such acts or practices. . . ."
Congress subsequently broadened the authority of the SEC in 1990 to specifically provide:
 "If the [SEC] finds . . . that any person is violating, has violated, or is about to violate any provision of this chapter, . . . the [SEC] may . . . enter an order requiring such person . . . to cease and desist from committing or causing such violation and any future violation of the same provision, rule, or regulation."
15 U.S.C.A., § 78u-3(a) (West 1992).
In the first of these statutory provisions, Congress provided that, in order to enforce the provisions of the Act, the SEC would have to bring an action in the appropriate district court. The 1990 amendment extended the authority of the SEC and granted the SEC the power to issue cease and desist orders. The statutory language contained in § 8-6-18 is also much broader than the congressional statute previously mentioned.
From 1959, our legislature never expressly addressed the Commission's authority to issue cease and desist orders until the enactment of Alabama Act 92-524, in 1992. However, in §8-6-18, the legislature had given the Commission the power "to take such measures . . . as will prevent . . . the violation of any provision thereof." The issue of whether that language gave the Commission the implied authority to issue cease and desist orders apparently had never been adjudicated adversely to the Commission by the courts. Therefore, the legislature did not know that a court would hold that the Commission was without authority to issue cease and desist orders. The trial court's order holding that the Commission lacked the authority to issue cease and desist orders was rendered on February 24, 1992. The Alabama Legislature less than three months thereafterspecifically granted the Commission that authority in Act No. 92-524, which was approved on May 18, 1992.
Our supreme court has held that the interpretation of a statute by the administrative agency responsible for its enforcement is to be given great weight by the reviewing court.Robinson v. City of Montgomery, 485 So.2d 695 (Ala. 1986). Also, an administrative interpretation applied for a number of years is entitled to favorable consideration by the courts. Robinson. The Commission's interpretation of § 8-6-18 spans a period of 33 years. Therefore, we must give this interpretation "great weight" and "favorable consideration." Robinson. However, the administrative interpretation must be laid aside where it seems reasonably certain that it has been erroneous and that the language of the statute requires a different construction. Robinson.
The majority of this court cannot hold, with reasonable certainty, that the Commission's interpretation of the broad language of the statute has been erroneous and that a different construction was required. In view of the attendant legal presumptions, coupled with the broad language of the statute and the Commission's historical interpretation thereof, we conclude that the trial court erred in holding that the Commission lacked the authority to issue cease and desist orders in order to prevent the violation of the Alabama Securities Act.
Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings.
REVERSED AND REMANDED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.