I must respectfully dissent. Although the legislature, by Act No. 92-524, has recently amended § 8-6-16, a part of the Securities Act, to specifically authorize the Commission to issue cease and desist orders, *Page 1240 
at the time the Commission issued the order against ABC and Straw, the Act provided no express authority for the issuance of such orders.
An administrative agency created by statute may exercise only the powers conferred by the statute and cannot expand those powers by its own authority. Ex parte City ofFlorence, 417 So.2d 191 (Ala. 1982). While these powers may be granted by implication, Batey v. Jefferson CountyBoard of Health, 486 So.2d 439 (Ala.Civ.App. 1986), I cannot find such an implied grant in the language of the Act as it existed prior to the enactment of Act No. 92-524.
When the Commission moved against ABC, § 8-6-16 provided for the Commission to enforce compliance with the Securities Act, and to enjoin any violations, by bringing an action ina court of competent jurisdiction. Accordingly, the circuit court was the only statutorily authorized forum to enjoin alleged violations of the Act. In view of this, I would find that the trial court correctly held that the Commission lacked the authority to issue the cease and desist order.