**AUBURN MEDICAL CENTER, INC., Plaintiff,**

**v.**

**J. Elbert PETERS, etc., et al., Defendants.**

**Civil Action No. 95–D–1053–N.**

United States District Court, M.D. Alabama, Northern Division.

Dec. 12, 1996.

---

David J. Llewellyn, Atlanta, GA, K. Anderson Nelms, Montgomery, AL, and Hugh V. Smith, Jr., Montgomery, AL, for plaintiff.

Billington M. Garrett, Robert M. Weinberg, Office of the Attorney General, Montgomery, AL, John V. Denson, II, Opelika,

AL, and James E. Williams, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is defendants Walter Smith ("Smith") and J. Elbert Peters' ("Peters") motion, filed October 2, 1995, to dismiss the complaint. The plaintiff, Auburn Medical Center, Inc., responded in opposition on December 5, 1995 ("Pl.'s Br."). After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the motion is due to be granted.

In the three-count complaint, the plaintiff sets forth violations of 42 U.S.C. § 1983 (Pl.'s Compl. ¶¶ 63–64), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (Pl.'s Compl. ¶¶ 64–69) and the Federal All–Writs Act (Pl.'s Compl. ¶¶ 63–64). The defendants have moved to dismiss said claims. The court will address separately each claim below.

### § 1983

■ At the outset, the Court finds that the plaintiff does have standing to bring claims pursuant to 42 U.S.C. § 1983. The defendants are correct in stating that the plaintiff, a corporation, "is not a 'citizen' within the meaning of the privileges and immunities clause." *Grosjean v. American Press Co.,* 297 U.S. 233, 244, 56 S.Ct. 444, 446, 80 L.Ed. 660 (1936). Thus, a corporation cannot assert a violation of the privileges and immunities clause of the Fourteenth Amendment. *See L.S.T. v. Crow,* 49 F.3d 679, 682 n. 6 (11th Cir.1995) (citing *Hague v. Committee For Industrial Organization,* 307 U.S. 496, 514, 59 S.Ct. 954, 963, 83 L.Ed. 1423 (1939)). However, the Supreme Court of the United States has held that a corporation is a "person" within the meaning of the due process clause, which is the clause involved here. *Grosjean,* 297 U.S. at 244, 56 S.Ct. at 446–47 (citing *Covington & L. Turnpike Road Co. v. Sandford,* 164 U.S. 578, 592, 17 S.Ct. 198, 203–04, 41 L.Ed. 560 (1896); *Smyth v. Ames,* 169 U.S. 466, 522, 18 S.Ct. 418, 424, 42 L.Ed. 819 (1898)). Accordingly, the plaintiff has standing to sue under § 1983 for violations of its due process rights.

■ The defendants also contend that the plaintiff's § 1983 claim against the defendants in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment bars any demand for equitable or damages relief against the defendants based upon state law. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *McFarland v. Folsom,* 854 F.Supp. 862 (M.D.Ala.1994); *Williams v. Adkinson,* 792 F.Supp. 755 (M.D.Ala.1992), *aff'd,* 987 F.2d 774 (11th Cir.1993). After careful review of the complaint, the court finds that the plaintiff has made no claim against the defendants for damages in their official capacities, nor has it made any demand for equitable or monetary relief against the defendants in their official capacities based upon state law. *See* Pl.'s Br. at 44. Therefore, the court finds that the Eleventh Amendment does not bar the plaintiff's suit.

The plaintiff's § 1983 claim against the defendants centers around a letter sent by Smith, as director of the Alabama State Health Planning and Development Agency ("SHPDA"), requesting the plaintiff to "show cause" as to why plaintiff's Certificate of Need should not be revoked. This letter reads as follows:

Dear Mr. Paddock:

The Certificate of Need cited above was issued on December 7, 1992. You were required, at a minimum, to make a firm committment [sic] or obligation toward this project within twelve months of that date. In November, 1993, you submitted a construction contract to fulfill this requirement. The effect of this submission was to

extend your CON to the extent that you complied with the terms of the contract.

The contract called for construction to begin 180 days from the date the contract was signed. According to our calculations, the deadline for beginning construction was May 1, 1994. As of that date, no construction had begun. A site visit made on May 11, 1994, confirmed that no construction had begun. Furthermore we found no evidence of your having obtained any of a number of licenses, permits, or approvals from State and City governmental agencies required to begin construction. A second visit on May 27, 1994 showed no change in the conditions observed at the earlier site visit date.

Based on this information, we hereby request that you appear within ten (10) days of the receipt of this letter to show cause why this Agency should not declare your CON null and void for your failure to comply with the terms, rules, and policies of issuance.

Please bring at a minimum, the following documents: bond with construction company, approval by Department of Public Health of architectural drawings/plans, building permit, documentation of financing agreement for construction, documentation on ownership or lease of property or other right to build on property, zoning variance for construction of facility, all required approvals by the appropriate City Planning Commission, and any other documentation which you deem appropriate.

You may call our office to arrange an appointment.

Sincerely,

Walter C. Smith

The plaintiff contends that Smith was not authorized to issue such a "show cause" letter. According to the plaintiff, the issuance of this letter violates its procedural and substantive due process rights.[1]

■ As the plaintiff correctly notes, the threshold determination for the Court is whether the plaintiff has alleged that it has been deprived of a property or liberty interest which is sufficient to invoke the protection of the due process clause. *See Board of Regents v. Roth,* 408 U.S. 564, 569–71, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). The Court assumes the plaintiff is correct in its assertion that it has a protected property interest stemming from the certificate of need granted by SHPDA. Nevertheless, the plaintiff fails to state a claim for relief because, even assuming all the facts in the complaint to be true, the plaintiff has not alleged it was *deprived* of a protected property interest.[2] The plaintiff was, at no time, deprived of its protected right—the right to proceed with the construction of the Hospital. Accordingly, the Court finds that the plaintiff's § 1983 claims are due to be dismissed.[3]

### RICO

■ The plaintiff contends that it has been injured by a RICO scheme "engaged in by and between East Alabama Health Care Authority, Inc., and ... [SHPDA] acting through defendants Smith and Peters." Pl.'s Br. at 41. To the extent the plaintiff attempts to state a claim against SHPDA or defendants Smith and Peters in their official

---

**1.** It is ironic that the plaintiff asserts that the issuance of the show cause letter violated its due process rights. It appears that the "show cause" letter issued by SHPDA gave plaintiff a predeprivation process *beyond that required by law.* According to § 22–21–270(b) the plaintiff's CON, upon the occurrence of certain conditions, becomes null and void *without any predeprivation process.* Rather than an attempt to revoke plaintiff's CON, a "show cause" letter might more appropriately be seen as an attempt to insure the plaintiff has a meaningful opportunity to be heard *before* its CON becomes null and void.

**2.** The Court recognizes that even a brief deprivation of a protected right or interest can form the

basis of a due process claim, but here, the Court finds that the plaintiff has failed to allege *any* deprivation. *See Fuentes v. Shevin,* 407 U.S. 67, 84–85, 92 S.Ct. 1983, 1996–97, 32 L.Ed.2d 556 (1972).

**3.** Because the Court finds that the plaintiff has failed to allege it was deprived of *any* protected interest, the Court need not discuss whether the plaintiff has alleged an interest sufficient to sustain a substantive due process claim. *See Reeves v. Thigpen,* 879 F.Supp. 1153, 1169–70 (M.D.Ala. 1995) (Albritton, J.) (discussing the distinction between substantive and procedural due process claims).

capacities, its claims are due to be dismissed.[4] As a matter of law, state agencies cannot, alone or through their agents, form the requisite state of mind necessary to sustain a RICO claim. *See Pine Ridge Recycling, Inc. v. Butts Co., Ga.,* 855 F.Supp. 1264, 1272–74 (M.D.Ga.1994). Further, any such claims are likely barred by the Eleventh Amendment. *See Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir.1990) (no money damages when state is real party in interest); *see also Hutto v. Finney,* 437 U.S. 678, 693, 98 S.Ct. 2565, 2574–75, 57 L.Ed.2d 522 (1978) (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)) (considering issue of waiver).

Thus, the issue before the Court is whether the plaintiff has stated a RICO claim against defendants Smith and Peters in their individual capacities. The Court's review of the complaint discloses no allegations which could be interpreted to state a RICO claim against Peters in his individual capacity. Accordingly, any RICO claims against Peters are due to be dismissed.

Smith contends that he cannot be held liable under the doctrines of absolute and qualified immunity. Smith asserts that the issuance of the show cause letter was a judicial or quasi-judicial act, and thus, he should be immune from suit based on *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In *Butz* the Court held that agency personnel performing functions analogous to a judge or prosecutor may be entitled to absolute immunity. *Id.* at 512–16, 98 S.Ct. at 2913–16. When an official's position requires him or her to frequently make controversial decisions (which in turn may incite retaliatory lawsuits for money damages) and there are adequate avenues for review of those decisions, often, nothing short of absolute immunity will assure that the official can perform his or her duties free of harassment or intimidation. *Id.; see also Rindley v. Gallagher,* 890 F.Supp. 1540, 1554 (S.D.Fla.1995) (listing factors to consider

when determining whether quasi-judicial immunity is appropriate). However, the Court need not determine whether Smith's action was the "initiation of administrative and judicial" proceedings as Smith contends, or, whether there are insufficient checks on Smith's authority to support a finding of absolute immunity as the plaintiff contends, because the Court finds that Smith is clearly immune from the plaintiff's RICO claim under the doctrine of qualified immunity.[5]

■ Qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional rights. *Courson v. McMillian,* 939 F.2d 1479, 1486 (11th Cir.1991). Moreover, "qualified immunity seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." *Caraballo–Sandoval v. Honsted,* 35 F.3d 521, 524 (11th Cir.1994) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982)); *see also Hill v. Dekalb Regional Youth Detention Ctr.,* 40 F.3d 1176, 1184 (11th Cir.1994) (citing *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994) ("... qualified immunity protects government officials performing discretionary functions from litigation, including discovery and trial")).

The Supreme Court of the United States has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir.1988) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see also Ansley v. Heinrich,* 925 F.2d 1339, 1348 (11th Cir. 1991). According to the Court in *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89

---

4. From the Court's review of the complaint, it does not appear that the plaintiff attempts to bring an action for money damages against Smith and Peters in their official capacities. *See* Pl.'s Br. at 44.

5. Although unusual, courts have applied a qualified immunity analysis to RICO claims brought against state officials. *See e.g. Powers v. Lightner,* 752 F.2d 1251 (7th Cir.1985); *Pedrina v. Chun,* 906 F.Supp. 1377 (D.Hawaii 1995).

L.Ed.2d 271 (1986), qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley,* 475 U.S. at 341, 106 S.Ct. at 1096; *see also Swint v. Chambers County Comm'n,* 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995); *Hurst v. Finley,* 63 F.3d 1112 (11th Cir.1995).

■ The Eleventh Circuit has established a two-step analysis for determining the applicability of qualified immunity. First, the defendant must prove that he was acting within the scope of his discretionary authority. *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir.1983). If the defendant meets this burden, the burden shifts to the plaintiff to establish that the defendant violated clearly established constitutional or statutory rights. *Id.*

■ The plaintiff contends that Smith was not acting within the scope of his discretionary authority when he issued the show cause order. An action is within one's discretionary authority if it is (1) undertaken pursuant to the performance of one's duties and (2) within the scope of one's authority. *Jordan v. Doe,* 38 F.3d 1559, 1566 (11th Cir.1994).

■ Smith asserts that § 22–21–270(b) of the Alabama Code (1990), provides the authority to issue such a show cause letter:

> Failure to commence the construction project within the time period stated in the construction contract or to complete the construction project within the time period specified, shall render the certificate of need null and void. *However, the SHPDA may continue the certificate of need in force if it can be shown* that the construction work has not ceased or otherwise been stopped for a period not to exceed two consecutive months during the specified construction period for causes beyond the control of the applicant.

(emphasis added). Although, the statute does not expressly state that SHPDA may issue a "show cause" letter, the Court finds that the issuance of such a letter is clearly incident to SHPDA's exercise of its express powers. *See Woodruff v. Beeland,* 220 Ala. 652, 127 So. 235, 236 (1930) (implied power exists where incident to, and embraced with-

in, express power). In so finding, the Court rejects the plaintiff's argument that the defendants' action was not within the scheme of authority granted to SHPDA. The Court notes that SHPDA is the "sole state health planning and development agency," and is vested with broad authority over certificates of need. *See* Ala.Code § 22–21–260 (1990) et. seq. Given this broad grant of authority, the Court finds Smith's issuance of the show cause letter to be consistent with the statutory scheme. *See Alabama Securities Comm'n v. American Business Club,* 612 So.2d 1237, 1238–39 (Ala.Civ.App.1992) (upholding agency action not specifically enumerated in statute in light of broad grant of authority in statute) *cert. denied* No. 1920519 (Feb. 26, 1993).

■ Thus, the burden shifts to the plaintiff to establish that the defendant violated clearly established constitutional or statutory rights. *Courson,* 939 F.2d at 1486. This burden can be divided into two subparts. First, a plaintiff must prove that the law at the time of the acts was clearly established. *Id.* at 1487–88. Second, the plaintiff must make allegations, which if true, would demonstrate that the defendant's conduct violates that clearly established law. *See id.* at 1488.

To determine whether a right is clearly established the Court must decide whether " 'in the light of pre-existing law the unlawfulness [is] apparent.' " *Hansen v. Soldenwagner,* 19 F.3d 573, 575 (11th Cir.1994) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). Furthermore, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that *what he is doing* violates that right." *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039 (emphasis added). However, " '[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful....' " *Swint v. City of Wadley,* 51 F.3d 988, 995 (11th Cir.1995) (quoting *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039 (1987)). "The court must be convinced of the existence of a clear, factually-defined, well-recognized right of which a reasonable [government official] should have known." *Dartland v. Metropoli-*

*tan Dade County,* 866 F.2d 1321, 1323 (11th Cir.1989).

■■■ The *Hansen* Court emphasized that the qualified immunity analysis is fact-specific:

> "When considering whether the law applicable to certain facts is clearly established, the facts of cases relied upon as precedent are important. The facts need not be the same as the facts of the immediate case. But they do need to be materially similar. [Citation omitted]. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases."

*Hansen,* 19 F.3d at 575 (quoting *Adams v. St. Lucie County Sheriff's Dep't,* 962 F.2d 1563, 1575 (11th Cir.1992), *approved en banc,* 998 F.2d 923 (11th Cir.1993)). In other words, " '[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.' " *Lassiter,* 28 F.3d at 1150 (quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir.1993)). Finally, whether applicable law was clearly established at the time of the challenged action is determined by reference to decisions of the Supreme Court of the United States, the Eleventh Circuit Court of Appeals, and the state's highest court. *See D'Aguanno v. Gallagher,* 50 F.3d 877, 881 n. 6 (11th Cir.1995); *Courson* at 1498, n. 32.

■■■ The plaintiff asserts that Smith, in violation of clearly established law, arbitrarily and deliberately interfered with the plaintiff's state created property interest. The plaintiff misunderstands the nature of its burden. It is insufficient for the plaintiff to simply rely on "general conclusory allegations" or "broad legal truisms." *City of Fort Lauderdale,* 7 F.3d at 1557 (quoting *Barts v. Joyner,* 865 F.2d 1187, 1190 (11th Cir.), *cert. denied,* 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989)). The plaintiff has produced no fact specific case which demonstrates that Smith's actions were contrary to clearly established law.[6] Furthermore, to the extent the plaintiff is arguing that Smith's actions were a clear violation of the plaintiff's due process rights, its argument has been foreclosed by the Court's finding that, as a matter of law, the plaintiff has suffered no deprivation. Therefore, Smith is entitled to qualified immunity and the plaintiff's RICO claim is due to be dismissed.

### All–Writs

■■■ The All–Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," and further provides that "[a]n alternative writ or rule nisi may be issued by a justice or judge or a court [with] jurisdiction." 28 U.S.C. § 1651. This statute authorizes federal courts to issue all writs necessary and appropriate in aid of their jurisdiction, but does not, by itself, create jurisdiction in district courts. *See Commercial Securities Bank v. Walker Bank & Trust Co.,* 456 F.2d 1352 (10th Cir.1972); *Brittingham v. Commissioner,* 451 F.2d 315 (5th Cir.1971). Hence, the All–Writs Act does not constitute a separate basis for federal jurisdiction, and thus, the purported claim for relief under the Act cannot stand by itself. Therefore, because the plaintiff has failed to state a RICO or civil rights claim upon which relief can be granted, the Court finds that the plaintiff's claim brought under the All–Writs Act is due to be dismissed.

Finally, to the extent the plaintiff seeks to amend its complaint to state claims against Peters or Smith under § 1983, RICO, or the all-writs act, the Court finds that such amendment would be futile. Accordingly, as to Peters and Smith, the motion to amend is due to be denied. *See Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir.1985) ("If a complaint as amended is still subject to dismissal, leave to amend need not be given.") Thus, the Court is left with an awkward situation; the "original"

---

6. The plaintiff contends that *Pine Ridge,* supra, establishes that Smith violated clearly established law. *Pine Ridge* is not supportive for several reasons; the decision comes from a Georgia district court; the decision deals with legislative immunity; and the decision turned on whether an act was an essential part of the legislative process rather than whether it was in violation of clearly established law. *See* 855 F.Supp. at 1269.

action has, in essence, been dismissed, but the plaintiff seeks to amend the complaint to state claims against individuals not heretofore made parties to this suit. The Court finds that, in the interests of clarity and efficiency, if the plaintiff desires to maintain claims against these new individuals that they be made the subject of a separate, original suit.

## CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that defendants', Peters and Smith, motion to dismiss be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that the plaintiff's motion to amend be and the same is hereby DENIED although the plaintiff is free to pursue any claims against individuals not previously made parties to this suit.

It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against the plaintiff, for which let execution issue.